# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE WOLFF, *individually and on behalf of a class of similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and THE RAWLINGS COMPANY LLC,<br><br>Defendants. | No. 4:19-CV-01596<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### APRIL 2, 2020

Plaintiff Joanne Wolff brings a purported class action against Defendants Aetna Life Insurance Company and The Rawlings Company LLC. Wolff alleges that Aetna and Rawlings improperly demanded subrogation from a tort settlement she received. In this Memorandum Opinion, I address Defendants' motion to dismiss the majority of the counts contained in her complaint.

## I. BACKGROUND[1]

Wolff was insured for long-term disability benefits under a fully insured group plan issued by Aetna through Wolff's employer, Bank of America Corporation.[2]

On September 30, 2015, Wolff was temporarily disabled in a motor-vehicle accident.[3] After sustaining her injuries, she submitted a claim for long-term disability benefits to Aetna.[4] Aetna paid $50,164.50 in benefits to Wolff.[5]

Separately, Wolff claimed tort damages against the other party in the motor-vehicle accident.[6] The alleged tortfeasor's insurer paid Wolff to settle the case.[7]

Aetna and Rawlings then asserted a claim for reimbursement against Wolff of the long-term disability benefits paid to her from the settlement in the tort action.[8]

---

[1] The facts in this section are drawn from Wolff's complaint and its attached exhibit. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

[2] Am. Compl. ¶ 6 (ECF No. 10); Am. Compl. Ex. A (ECF No. 10).

[3] Am. Compl. ¶ 7.

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶ 9.

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶ 11.

[8] *Id.* at ¶ 12.

On August 8, 2019, Wolff filed a complaint in the Court of Common Pleas of Lycoming County, Pennsylvania.[9] Defendants Aetna and Rawlings removed the action to this Court on September 16, 2019.[10] On November 13, 2019, Wolff filed an Amended Complaint.[11] On November 27, 2019, Defendants filed the instant motion to dismiss.[12]

## II.  LEGAL STANDARD

A plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] A claimant must state a plausible claim for relief.[14] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[16] A court ruling on a motion to dismiss must "accept all factual

---

[9] Notice of Removal ¶ 1 (ECF No. 1).

[10] *Id.* at 5.

[11] Am. Compl.

[12] Mot. to Dismiss Am. Compl. of Defs. Aetna Life Ins. Co. and The Rawlings Co. LLC (ECF No. 12).

[13] Fed. R. Civ. P. 8.

[14] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[15] *Thompson*, 748 F.3d at 147.

[16] *Id.*

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."¹⁷

## III. DISCUSSION

Wolff's Amended Complaint contains fifteen counts against Defendants that arise under ERISA or Pennsylvania state law. Defendants argue that ERISA preempts Wolff's state-law claims, as well as an assortment of bases to dismiss that are particular to fewer of the counts. I address these in turn.

### A. Preemption

Many of the issues in this motion rest on whether ERISA preempts the state laws under which Wolff claims relief. "ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulation is exclusively a federal concern." ¹⁸ In this section, I summarize the standards for ERISA preemption before applying them to Wolff's claims.

#### 1. The Standards for ERISA Preemption

A state law may be completely preempted or expressly preempted by ERISA. Complete preemption occurs when "(1) the plaintiff could have brought the claim under [ERISA] § 502(a); *and* (2) no other independent legal duty

---

¹⁷ *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

¹⁸ *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quotation marks omitted).

supports the plaintiff's claim."[19] A legal duty is "'independent' if it is not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed."[20]

Express preemption is governed by ERISA § 514 (codified at 29 U.S.C. § 1144(a)), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. "[T]he phrase 'relates to' [is] given its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"[21]

### 2. Count II: Declaratory Judgment

Defendants move to dismiss Count II, Wolff's claim for declaratory judgment, as preempted by ERISA.

While Wolff seeks a declaratory judgment in Count II, her complaint does not specify by which of the three avenues she conceivably might be entitled to one: Pennsylvania's declaratory judgment act, the federal declaratory judgment act, or ERISA itself. She clarifies in her surreply brief that she seeks a declaratory judgment under ERISA § 502(a)(1)(B).[22]

---

[19] *N.J. Carpenters and the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (quotation marks omitted and emphasis in original).

[20] *Id.*

[21] *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

[22] *See* Surreply Br. 2 (ECF No. 23).

With this understanding, Count II is not, in fact, a separate claim from Count III, which claims relief under ERISA. Count II is grounded in the same conduct giving rise to Count III and is based on the same statute. It is not a separate claim; it is merely a request for a different form of relief. For the sake of clarity, under Federal Rule of Civil Procedure 12(f), I find that Count II is subsumed by Count III.

I note that I would dismiss Count II if it were brought under either Pennsylvania's declaratory judgment act or the federal declaratory judgment act. Because the plan at issue is an ERISA plan, ERISA applies, preempting Pennsylvania's declaratory judgment act.[23] And, because declaratory judgment is available under ERISA, I would dismiss a claim under the federal declaratory judgment act in accordance with guidance from the United States Court of Appeals for the Third Circuit to exercise discretion to decline to proceed with declaratory judgments when they duplicate other claims.[24]

### 3. Counts VII–XV: State-Law Claims

Wolff brings nine state-law claims against Rawlings in the alternative to her ERISA claim against Rawlings in the event that this Court finds that Rawlings is

---

[23] *See Waters v. Kemper Ins. Cos.*, No. Civ.A. 03-1803, 2004 WL 2700914, at *1 (W.D. Pa. Apr. 19, 2004) (dismissing plaintiff's claim for declaratory judgment under 42 Pa. C.S.A. § 7531 because it "fall[s] squarely within the scope of ERISA preemption").

[24] *See Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (*citing State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)).

not a proper defendant to that claim, an argument addressed *infra*. These claims are: conversion (Count VII), money had and received (Count VIII), intentional misrepresentation (Count IX), negligent misrepresentation (Count X), unjust enrichment (Count XI), theft by deception (Count XII), attempted theft (Count XIII), violation of Pennsylvania's unfair trade practices and consumer law (Count XIV), and violation of Pennsylvania's Fair Credit Extension Uniformity Act (Count XV).

The Third Circuit has stated that claims of improper subrogation requests under state law are claims for benefits due under § 502(a)(1)(B).[25] These claims could be brought under ERISA instead of state law. For this reason, state-law claims that are "merely different theories by which Plaintiffs seek recovery for the same conduct" as the basis for an ERISA benefits-due claim are preempted.[26]

That is the case here. Wolff's state-law claims are all based on the Defendants' alleged improper subrogation request. Because all of these claims arise from the same conduct giving rise to Wolff's benefits-due claim, they are

---

[25] *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005); *see also Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700, 711 (D.N.J. 2016).

[26] *See Roche*, 167 F. Supp. 3d at 711.

preempted. I therefore dismiss Count VII,[27] Count VIII,[28] Count IX,[29] Count X,[30] Count XI,[31] Count XII,[32] Count XIII,[33] Count XIV,[34] and Count XV.[35]

**B.     ERISA Claims**

Count III, Count IV, and Count V claim violations of ERISA.

---

[27] *See id.* (finding that a state-law conversion claim was preempted by ERISA); *U.S. Renal Care, Inc. v. Wellspan Health*, Civil No. 1:14-cv-2257, 2015 WL 5286638, at *7 (M.D. Pa. Sept. 10, 2015) (finding that a state-law conversion claim was completely preempted by ERISA).

[28] *See Metropolitan Life Ins. Co. v. DePalo*, Civil Action No. 13-3092 (KM), 2014 WL 4681094, at *9 (D.N.J. Sept. 22, 2014) (citing *ING Inv. Plan Servs., LLC v. Barrington*, No. 09-3788, 2010 WL 3385531, at *2 (N.D. Ill. Aug. 24, 2010), which found that a claim for money had and received was preempted because it would "necessarily require consulting the terms of the Plan itself").

[29] *See Ellis Fleisher Produce Co. v. Paul A. Tanker & Assocs.*, Civ. A. No. 85-3495, 1986 WL 4334, at *3 (E.D. Pa. Apr. 9, 1986) (finding claim for intentional misrepresentation was preempted); *Roche*, 167 F. Supp. 3d at 711 (same).

[30] *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir. 1990) (finding that misrepresentation claim was preempted); *Roche*, 167 F. Supp. 3d at 711 (same).

[31] *See Palmeri v. Citadel Broad.*, Civil Action No. 3:17-cv-00764, 2017 WL 3130282, at *3 (M.D. Pa. July 24, 2017) (finding claim for unjust enrichment was preempted); *Roche*, 167 F. Supp. 3d at 711 (same). Wolff's unjust enrichment claim is untenable for the additional reason that it arises from a written agreement. *See Eastern Roofing Sys., Inc. v. Simon Prop. Grp., Inc.*, No. 3:14-cv-00717, 2016 WL 1367176, at *5 (M.D. Apr. 5, 2016) ("It is well settled, however that the doctrine of unjust enrichment is inapplicable where the relationship between the parties is founded upon written agreements.").

[32] *See Roche*, 167 F. Supp. 3d at 711 (finding claim for theft was preempted); *Com. v. Robichow*, 338 Pa. Super. 348, 356 (Pa. Super. Ct. 1985) (explaining that theft by deception is a subset of theft and not a separate offense); *Goss v. Aetna, Inc.*, 360 F. Supp. 3d 1364, 1372 (N.D. Ga. 2019) (finding that claim for theft by deception was preempted).

[33] *See Roche*, 167 F. Supp. 3d at 711 (finding claim for attempted theft was preempted).

[34] *See Harding v. Provident Life and Accident Ins. Co.*, 809 F. Supp. 2d 403, 418–19 (W.D. Pa. Aug. 19, 2011) (finding that unfair trade practices claims in Pennsylvania are preempted).

[35] *See Wingo v. Trover Sols., Inc.*, No. 3:17-cv-00846, 2017 WL 5971841, at *3 (M.D. Pa. Dec. 1, 2017) (finding that a claim under Pennsylvania's Fair Credit Extension Uniformity Act was preempted).

### 1. Rawlings Is Not a Proper Defendant to Count III

Count III alleges a benefits-due claim under ERISA § 502(a)(1)(B) against both Aetna and Rawlings. Defendants move to dismiss Count III with respect to Rawlings on the basis that Rawlings is not a proper defendant to this claim because it is not the plan administrator.

The proper defendant in a § 502(a)(1)(B) claim is the plan itself or a person who controls the administration of benefits.[36] "Exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)."[37] Interpreting the terms of ERISA, courts have found that a party exercises control over the administration of benefits if it possesses the final authority to authorize or disallow a claim for benefits under the plan.[38]

Wolff has not alleged that Rawlings possessed final authority over any decision involving the plan. In contrast, Wolff alleges that *Aetna* is the fiduciary of the plan and that Aetna "exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of [the] Plan within the meaning of ERISA."[39] As to Rawlings, though, Wolff alleges

---

[36] *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 301 (3d Cir. 2007).

[37] *Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc.*, 311 Fed. Appx. 556, 588 (3d Cir. 2009); *see also Lash v. Reliance Standard Life Ins. Co.*, Civil Action No. 16-235, 2017 WL 1232177, at *3 (E.D. Pa. Apr. 4, 2017).

[38] *See Lash*, 2017 WL 1232177 at *4; *Miller v. Mellon Long Term Disability Plan*, 721 F. Supp. 2d 415, 426 (W.D. Pa. 2010).

[39] Am. Compl. ¶¶ 113, 117, 118, 137.

only that it was a third-party service provider.⁴⁰ There are no factual allegations in the Amended Complaint that suggest that Rawlings occupied anything more than an administrative capacity.

Therefore, I find that Rawlings is not a proper party to Wolff's § 502(a)(1)(B) claim and dismiss Count III as to Rawlings only.

### 2. Count V: ERISA Relief

In Count V, Wolff alleges that Aetna violated its obligation under ERISA to disclose information and to avoid materially misleading its beneficiaries. Defendants move to strike Count V under Rule 12(f) on the basis that it is redundant with Count IV, which alleges breaches of Aetna's fiduciary duties.

Defendants are mistaken. Count IV alleges a breach of the duty of loyalty, whereas Count V alleges a failure to disclose. Although the duty to disclose rests in the fiduciary duties of loyalty and prudence, the Third Circuit has recognized that it is a specific, affirmative duty of its own.⁴¹ Interpreting the complaint in a light favorable to the plaintiff, coupled with the narrow construction that is appropriate on a motion to strike,⁴² I find that Count V states a separate claim and deny the motion.

---

⁴⁰ *Id.* at ¶ 190.

⁴¹ *See In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 440–41 (3d Cir. 1996).

⁴² *See Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 572 (M.D. Pa. 2015) ("Motions to strike generally are viewed with disfavor and rarely are granted.").

### 3. Count IV and Count V: Monetary Damages

Defendants move to dismiss Wolff's requests for monetary damages in Counts IV and V on the ground that ERISA allows only for equitable, not legal, remedies. I deny that motion because the request for legal relief is not itself a claim.[43] The appropriate form of relief is an issue that may be better addressed on summary judgment.[44]

### C. Count I and Count VI Fail to State a Claim for Relief

Defendants move to dismiss Count I for failure to state a claim for relief.

Count I is labeled "State Law Rules of Decision." It alleges that Defendants violated 75 Pa. C.S.A. § 1720 by demanding subrogation.[45] It does not, however, claim entitlement to relief under that statute.

Defendants are correct that § 1720 is not itself a cause of action.[46] Wolff appears to concede this, arguing instead that it provides the rule of decision for her other claims.[47] Under Wolff's reading, I find that labeling it as a "Count" is confusing. For that reason and because there is no claim for relief, I strike the heading pursuant to Rule 12(f).

---

[43] *See Yost v. Anthem Life Ins. Co.*, 3:16-cv-00079, 2017 WL 4873511, at *8 (M.D. Pa. Oct. 27, 2017).

[44] *See id.*

[45] Am. Compl. ¶¶ 77–81.

[46] *See Yost*, 2017 WL 4873511 at *1 n.1.

[47] *See* Pl.'s Br. in Opp'n 4–5 (ECF No. 20).

Defendants also move to dismiss Count VI because it duplicates Count I and, as with Count I, fails to state a claim for relief. I agree that Count VI appears to duplicate Count I, except that Count VI adds class allegations. As noted above, § 1720 is not a cause of action. The allegations contained within Count VI pertain to Wolff's other claims, and so need not be dismissed. However, I will take the same approach to Count VI as I did with Count I and strike its label as a "Count" because it also does not state a claim for relief.

### D. Extra-Contractual Bad Faith Damages and Jury Demand

Finally, Defendants move to dismiss Wolff's claim for extra-contractual bad faith damages and her demand for a jury trial. Defendants argue that the former are preempted by ERISA and that there is no entitlement to a jury trial under ERISA because it provides only for equitable relief.[48] Wolff concedes both points.

With regard to the jury-trial demand, however, Wolff continues to request a jury trial for the state-law claims against Rawlings in Counts VII–XV. Because I dismiss those claims here, this request is denied as moot.

Wolff further asks this Court to empanel an advisory jury pursuant to Rule 39(c). Wolff's request is well taken, but premature. I decline to rule on that issue at this time.

---

[48] *See Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134, 144 (3d Cir. 2004); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79 n.10 (3d Cir. 2012).

## IV. CONCLUSION

For the reasons provided above, Defendants' Motion to Dismiss the Amended Complaint (ECF No. 12) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge