**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOANNE WOLFF, Individually            :
and as Class representative           :
on behalf of others Similarly         :    CIVIL ACTION
Situated,                             :
                                     :    No.  4:19-cv-01596-MWB
        Plaintiff,                    :
                                     :    **ADVISORY JURY REQUESTED**
        v.                            :
                                     :
AETNA LIFE INSURANCE COMPANY          :
and THE RAWLINGS COMPANY, LLC         :
                                     :
        Defendants.                   :
                                     :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**SECOND AMENDED COMPLAINT**

**PARTIES**

1. The plaintiff, JOANNE WOLFF, is an adult individual, and a citizen of Pennsylvania.

2. The defendant, AETNA LIFE INSURANCE COMPANY ("AETNA"), is a citizen of the State of Connecticut and is authorized to, and actually conducts, business in the Commonwealth of Pennsylvania. The defendant, THE RAWLINGS COMPANY, LLC ("RAWLINGS"), is a citizen of the State of Kentucky and is authorized to, and actually conducts, business in the Commonwealth of Pennsylvania.

3. The defendant, AETNA, regularly and routinely conducts business in the Commonwealth of Pennsylvania and all of its counties. The defendant, RAWLINGS, regularly and routinely conducts business in the Commonwealth of Pennsylvania and all of its counties.

4. The present action involves a claim seeking declaratory relief, return of all monies recovered and other permissible relief in connection with the actions of the defendant, AETNA, in the handling of long-term disability claims and the assertion of liens against the proceeds of settlement or verdicts of tort actions where no such lien exists under contract and law.

5. The present action seeks relief on behalf of the plaintiff, JOANNE WOLFF, individually, as well as on behalf of a class of similarly situated persons.

## STATEMENT OF FACTS

6. At all times relevant hereto, the plaintiff, JOANNE WOLFF, was insured for long-term disability benefits under an insured Group Plan issued by the defendant, AETNA, through Bank of America Corporation, the employer of the plaintiff, JOANNE WOLFF. A true and correct copy of the Plan documents are attached hereto as Exhibit "A".

7. At all relevant times, both AETNA and RAWLINGS exercised discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

8. On or about September 30, 2015, the plaintiff, JOANNE WOLFF, sustained injury as a result of a motor vehicle accident which rendered him temporarily disabled.

9. As a result of her disability, the plaintiff, JOANNE WOLFF, submitted a claim for long-term disability benefits to the defendant, AETNA, under the policy in question.

10. The defendant, AETNA, paid long-term disability benefits to the plaintiff, JOANNE WOLFF, in the amount of $50,164.50.

11. As a result of the injuries sustained in the motor vehicle accident, the plaintiff, JOANNE WOLFF, made a claim for recovery of damages against the tortfeasor.

12. The insurer for the tortfeasor did resolve, settle and make payment to the plaintiff, JOANNE WOLFF, in compensation for the personal injuries sustained by the Plaintiff in the motor vehicle accident.

13. The defendants, AETNA and RAWLINGS, then asserted a claim for reimbursement of the long-term disability benefits paid to the plaintiff, JOANNE WOLFF, from the proceeds of the settlement of the tort action.

14. The defendants, AETNA and RAWLINGS, are seeking reimbursement from the proceeds of the tort settlement payment to plaintiff JOANNE WOLFF pursuant to the Plan. See Exhibit "A".

15. The demand of the defendants is improper as a matter of law and as a matter of policy as the Right of Recovery provision of the Group Plan is not enforceable and forms no basis for any right of reimbursement under Pennsylvania law or under contract.

16. Nonetheless, the defendants, AETNA and RAWLINGS, are seeking reimbursement from plaintiff, JOANNE WOLFF, for

$50,164.50 from the proceeds of her tort settlement.

17.   The defendants, AETNA and RAWLINGS, have continued to assert a claim for reimbursement of the long-term disability benefits paid to the plaintiff, JOANNE WOLFF, from the proceeds of her tort settlement of her motor vehicle accident despite the policy and despite the law in Pennsylvania eliminating any such right.

18.   The defendants, AETNA and RAWLINGS, have refused to withdraw their claim for reimbursement of long-term disability benefits despite the request from the plaintiff, JOANNE WOLFF, to do so.

19.   As a result of defendants' demand, counsel for Plaintiff was forced to refuse to distribute to WOLFF the money in dispute. Counsel is ethically bound to refuse to provide the funds to WOLFF. Further, the policy leaves WOLFF subject to suit and loss of benefits based on the dispute over the subject funds. Accordingly, WOLFF is denied the payment, ownership and use of the dispute funds.

20.   In consequence of the above, counsel for Plaintiff has refused WOLFF the payment, ownership and use of her funds by paying those funds to Defendants.

21.   The plaintiff, JOANNE WOLFF, has been deprived of the ownership, possession and use of the from the proceeds of the tort settlement by reason of the illegal assertion of the claim for reimbursement of the defendants, AETNA and RAWLINGS. The

plaintiff, JOANNE WOLFF, is further subject to suit and loss of future benefits as a result of the defendant's illegal assertion and claim for reimbursement.

22.   It is believed, and therefore averred, that the defendants, AETNA and RAWLINGS, have illegally asserted liens and claims for reimbursement or further collected monies from the tort settlement or verdicts recovered in tort claims against not only the plaintiff, JOANNE WOLFF, but also against other persons.

23.   The defendants, AETNA and RAWLINGS, have wrongfully asserted claims and continues to assert claims for reimbursement from the proceeds of settlement or verdict of tort claims contrary to the policy and contrary to the dictates of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

24. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

25. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully

secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries wherein the defendant did not comply with the policy to not seek reimbursement against the class plaintiff insureds' personal injury recovery for pain and suffering.

26. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries wherein the defendant did not comply with the policy or states' laws to not seek reimbursement against the class plaintiff insureds' personal injury recovery for future medical care.

27. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the

insureds' tort recoveries without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

28. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to the policies and law.

29. Furthermore, the defendants, AETNA and RAWLINGS, wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from WOLFF and class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation.

30. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to Defendants.

### STATUTORY PROVISIONS

31.  The present matter arises under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

32.  Section 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law eliminates all rights of subrogation or reimbursement by all group plans, programs or other arrangements for payment of benefits in connection with injuries sustained in motor vehicle accidents.

33.  Specifically, § 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law provides:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits).

34.  The defendants, AETNA and RAWLINGS, have illegally asserted liens and claims for reimbursement against the proceeds of the pain and suffering settlement or verdict of injury causing events against WOLFF and the class members that are in violation of the policy and in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

## POLICY PROVISIONS

35.  The present matter also arises under the terms of the long-term disability benefits plan.

36. The long-term disability benefits plan provides in relevant part as follows:

"Recovery of Overpayments

Long Term Disability Coverage

If payments are made in amounts greater than the benefits that you are entitled to receive, Aetna has the right to do any one or all of the following:

• Require you to return the overpayment on request;

• Stop payment of benefits until the overpayment is recovered;

• Take any legal action needed to recover the overpayment; and

• Place a lien, if not prohibited by law, in the amount of the overpayment on the proceeds of any other income, whether on a periodic or lump sum basis.

If the overpayment:

• Occurs as a result of your receipt of "other income benefits" for the same period for which you have received a benefit under this plan; and

• To obtain such "other income benefits", advocate or legal fees were incurred.

Aetna will exclude from the amount to be recovered, such advocate or legal fees; provided you return the overpayment to Aetna within 30 days of Aetna's written request for the overpayment. If you do not return the overpayment to Aetna within such 30 days, such fees will not be excluded; you will remain responsible for repayment of the total overpaid amount."

37. The long-term disability benefits plan further provides in relevant part as follows:

"Other income benefits can affect the monthly benefit described in the long term disability coverage section. When calculating the benefit payable, other income benefits that you, your spouse, your children or your dependents are eligible for because of your disability or retirement are taken into consideration.

The other income benefits considered when your benefits payable are calculated are:

• 50% of any award given under The Jones Act or The Maritime Doctrine of Maintenance, Wages and Cure.

• Disability, retirement or unemployment benefits required or provided for by government law. This includes (but is not limited to):

- Unemployment compensation benefits.

- Temporary or permanent, partial or total, disability benefits under any workers' compensation law or similar law meant to compensate a worker for:

- Loss of past and future wages;

- Impaired earning capacity;

- A lessened ability to compete for jobs;

- Any permanent impairment; and

- Any loss of bodily function or capacity.

- Benefits under the Federal Society Security Act, Railroad Retirement Act, Canada Pension Plan and Quebec Pension Plan.
- Veteran's benefits.

• Statutory disability benefits

• Disability or unemployment benefits payable by either insured and uninsured plans:

- As a result of employment by or association with your employer; or
- As a result of your membership in, or association with, any group, association, union or other organization.

This includes both plans that are insured and those that are not.

• Unreduced retirement benefits for which you are (or may become) eligible under a group pension plan at age 62 or the plan's normal retirement age, whichever comes later. This applies only to the amount of the benefit that was paid by an employer.

• Retirement benefits you elect and receive under any group pension plan. This applies only to the amount of the benefit that was paid by an employer.

• Disability benefits from an accumulated sick time or salary continuation program, provided they are part of an established group plan maintained by your Employer for the benefit of its employees."

38. Pursuant to the long-term disability benefits plan, Plaintiff is only required to repay the Plan any disability benefits received during a period which the Plaintiff also received "Other Income Benefits".

39. The terms of the long-term disability benefits plan do not include personal injury recoveries as "Other Income Benefits".

40. The terms of the long-term disability benefits plan do not include any language permitting Aetna to demand and secure reimbursement of disability benefits paid from personal injury recoveries.

41. However, despite the lack of any Plan language, Defendants asserted liens and demanded repayment of long-term disability benefits paid to Plaintiff directly against Plaintiff's personal injury recovery.

## CLASS ACTION ALLEGATIONS REGARDING PLAINTIFF'S ERISA CLAIMS AGAINST DEFENDANTS AETNA AND RAWLINGS

42. The plaintiff, JOANNE WOLFF, brings this action individually and on behalf of a class of similarly situated persons as a class action pursuant to the Federal Rules of Civil Procedure.

43. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully asserted claims for reimbursement of long-term disability benefits or recovered monies from settlements or verdicts of motor vehicle claims where all such claims for reimbursement and recovery are improper under the policy and as a matter of law insofar as the reimbursement provisions of the Group Plan have been abrogated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. as recognized by the Supreme Court of Pennsylvania in *Tannenbaum v. Nationwide*, 992 A.2d 859 (Pa. 2010).

44. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement or

wrongfully securing payment in reimbursement from class
plaintiffs who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event for the disability benefits it had paid to insureds from
the insureds' tort recoveries contrary to the policies and law.

45.   The defendants, AETNA and RAWLINGS, have continuously,
systematically and wrongfully acted against all class plaintiff
insureds by wrongfully asserting claims for reimbursement,
continuing to wrongfully assert claims for reimbursement or
wrongfully securing payment in reimbursement from class
plaintiffs who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event for the disability benefits it had paid to insureds from
the insureds' tort recoveries wherein the defendant did not
comply with the policy to not seek reimbursement against the
class plaintiff insureds' personal injury recovery.

46.   The defendants, AETNA and RAWLINGS, have continuously,
systematically and wrongfully acted against all class plaintiff
insureds by wrongfully asserting claims for reimbursement,
continuing to wrongfully assert claims for reimbursement or
wrongfully securing payment in reimbursement from class
plaintiffs who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event for the disability benefits it had paid to insureds from
the insureds' tort recoveries without reducing its reimbursement

demand or recovery  by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policy and law.

47.  The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law.

48.  The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation contrary to the policies.

49. As a result of AETNA and RAWLINGS' actions as aforementioned, Plaintiff, JOANNE WOLFF, seeks to represent the class of persons:

A. Injured in motor vehicle accidents against the defendant, AETNA, which has asserted a claim for reimbursement of long-term disability benefits depriving those persons of the monies where such claims for reimbursement recovery are improper under the policy and as a matter of law as the Right of Recovery provisions of the Group Plan have been abrogated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. as recognized by the Supreme Court of Pennsylvania in *Tannenbaum v. Nationwide*, 992 A.2d 859 (Pa. 2010) and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions.

B.   Injured in motor vehicle accidents against the defendant, AETNA, which has recovered long-term disability benefits from the proceeds of tort settlement or verdict of motor vehicle accident claims where such claims for reimbursement recovery are improper under the policy and as a matter of law as the Right of Recovery provisions of the Group Plan have been abrogated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. as recognized by the Supreme Court of Pennsylvania in *Tannenbaum v. Nationwide*, 992 A.2d 859 (Pa. 2010) and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from

their tort recoveries to the defendant as a result of
defendants' wrongful reimbursement demands and actions.

C.  Who were injured and received long-term disability
benefits from the defendant as a result of an injury
causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries and who suffered harm and damages which
include, by way of exemplification and not in
limitation, the loss of use of money, the loss of
interest on money, the loss of possession of their
funds; the loss  enjoyment of their funds, their losses
in having to free their funds from defendants'
encumbrances and payment of money from their tort
recoveries to the defendant as a result of defendants'
wrongful reimbursement demands and actions.

D.  Who were injured and received long-term disability
benefits from the defendant as a result of an injury
causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries wherein the defendant did not comply
with the policy to not subrogate against the insureds'
personal injury recovery for pain and suffering and who
suffered harm and damages which include, by way of
exemplification and not in limitation, the loss of use
of money, the loss of interest on money, the loss of
possession of their funds; the loss  enjoyment of their
funds, their losses in having to free their funds from
defendants' encumbrances and payment of money from
their tort recoveries to the defendant as a result of
defendants' wrongful reimbursement demands and actions.

E. Who were injured and received long-term disability
benefits from the defendant as a result of an injury
causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries without reducing its reimbursement
demand or recovery  by the pro-rata share attorney fees

and expenses that the insureds incurred in their
underlying litigation and who suffered harm and damages
which include, by way of exemplification and not in
limitation, the loss of use of money, the loss of
interest on money, the loss of possession of their
funds; the loss  enjoyment of their funds, their losses
in having to free their funds from defendants'
encumbrances and payment of money from their tort
recoveries to the defendant as a result of defendants'
wrongful reimbursement demands and actions.

F. Who were injured and received long-term disability
benefits from the defendant as a result of an injury
causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries before the insured had first been made
whole and fully compensated for all of their damages
and losses and who suffered harm and damages which
include, by way of exemplification and not in
limitation, the loss of use of money, the loss of
interest on money, the loss of possession of their
funds; the loss  enjoyment of their funds, their losses
in having to free their funds from defendants'
encumbrances and payment of money from their tort
recoveries to the defendant as a result of defendants'
wrongful reimbursement demands and actions.

G. Who were injured and received long-term disability
benefits from the defendant as a result of an injury
causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries wherein the class plaintiff insureds
had not recovered disability losses or disability
payments in their underlying litigation and who
suffered harm and damages which include, by way of
exemplification and not in limitation, the loss of use
of money, the loss of interest on money, the loss of
possession of their funds; the loss of enjoyment of
their funds, their losses in having to free their funds
from defendants' encumbrances and payment of money from

their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions.

50.   The plaintiff, JOANNE WOLFF, reserves the right to amend the definition and/or identify subclasses upon completion of class discovery and/or certification.

51.   It is believed, and therefore averred, that the class is so numerous as to allow certification.

52.   It is believed and therefore averred that the total amount in dispute on behalf of the claims of similarly situated individuals does not exceed $5,000,000.00.

53.   It is believed, and therefore averred, that the members of the putative class are so numerous that joinder of all members is impracticable.

54.   Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendants, AETNA and RAWLINGS.

55.   A class action is the only practicable means available for the members of the class to pursue the appropriate remedies under the policies of insurance in question and the law.

56.   A class action is the only practicable means available to prevent the defendants, AETNA and RAWLINGS, from engaging in the continuous and systematic illegal and unlawful conduct concerning benefits under the policy and under the Pennsylvania Motor Vehicle Financial Responsibility Law and to remedy the harm created by this illegal and unlawful conduct.

57.   The questions of law and fact are common to the members

of the class which the plaintiff, JOANNE WOLFF, seeks to represent.

58.   The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

59.   The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a)   Each member of the class was insured under a long-term disability benefits policy issued by the defendant;

(b)   Each member of the class was injured in an injury causing event;

(c)   Each member of the class was paid long-term disability benefits by the defendant, AETNA, as a result of injuries sustained in the injury causing event;

(d)   Each member of the class made a tort recovery arising from the injury causing event;

(e)   For each member of the class, the defendant, AETNA, made claim for reimbursement of long-term disability benefits paid as a result of injuries sustained in the injury causing event;

(f)   For each member of the class, defendants AETNA and RAWLINGS' claims for reimbursement are improper under the policy and as a matter of law as:

•   the reimbursement provisions of the Group Plan have been abrogated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.;

•   the defendant did not comply with the policy to not subrogate against the insureds' personal injury recovery;

- the defendant did not reduce its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the insureds incurred in their underlying litigation;
- the defendant did demanded and secured reimbursement before the insured had first been made whole and fully compensated for all of their damages and losses;
- the defend demanded and secured reimbursement even wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation;

60. As a result of Defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

61. The plaintiff, JOANNE WOLFF, is a member of the class that she seeks to represent.

62. The claims of the plaintiff, JOANNE WOLFF, are typical of the claims of other members of the class which she purports to represent.

63. The plaintiff, JOANNE WOLFF, is well qualified to act as class representative.

64. The plaintiff, JOANNE WOLFF, will fairly and adequately

protect the interests of the members of the class.

65.   The plaintiff, JOANNE WOLFF, has no interest that is adverse or antagonistic to the interests of the members of the class.

66.   The plaintiff, JOANNE WOLFF, is committed to prosecuting the class action.

67.   The plaintiff, JOANNE WOLFF, has retained competent counsel who are experienced in litigation of this nature.

68.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69.   Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

70.   The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

71.   It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

72.   The plaintiff, JOANNE WOLFF, anticipates no difficulty in the management of this action as a class action.

73.   The class action brought by the plaintiff, JOANNE WOLFF, is a convenient and proper forum in which to litigate the claim.

74.   The prosecution of separate actions by individual class

members would create the risk of bearing inconsistent determinations that could confront the defendants, AETNA and RAWLINGS, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

75.   Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

76.   Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendants, AETNA and RAWLINGS.

## STATE LAW RULES OF DECISION

77. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

78. 75 Pa.C.S.A §1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law was in full force and effect at the time of issue or renewal of the insurance policies issued by AETNA to Plaintiff and, as such, the policies were amended by operation of law to conform with said statute and code.

79. In addition, the laws in the District of Columbia or one of the fifty (50) states of the United States were in full force

and effect at the time of issue or renewal of the insurance policies issued by AETNA to Plaintiff and, as such, the policies were amended by operation of law to conform with said statutes and/or codes.

80. Pursuant to 75 Pa.C.S.A. §1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law and/or the laws in the District of Columbia or one of the fifty (50) states of the United States, insurers are prohibited from asserting subrogation, liens and/or reimbursement against insureds' personal injury recoveries arising from personal injury claims.

81. Pursuant to 75 Pa.C.S.A §1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law and/or the laws in the District of Columbia or one of the fifty (50) states of the United States, insurers are prohibited from asserting lien, subrogation and/or reimbursement claims.

82. At all times relevant hereto, AETNA and RAWLINGS asserted and continue to assert, a lien, subrogation claim and/or demand for repayment for the benefits which AETNA paid as against the proceeds of Plaintiffs' personal injury recoveries.

83. Further, at all times relevant hereto, AETNA and RAWLINGS asserted and continue to assert, a lien, subrogation claim and/or demand for repayment and collected reimbursement from insureds for the benefits which AETNA paid as against the proceeds of Plaintiffs' personal injury causing event in violation of controlling applicable laws which prohibit

reimbursement.

84. As a result of AETNA and RAWLINGS' actions as aforementioned, Plaintiff, JOANNE WOLFF, seeks to represent the class of persons:

A.  Who were injured and received long-term disability benefits from the defendant as a result of an injury causing event and as against whom defendant sought or recovered reimbursement of long-term disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the laws of the District of Columbia or one of the fifty (50) states of the United States abrogating any claim for subrogation and/or reimbursement against the insureds' personal injury recovery and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions.

B. Who were injured and received long-term disability benefits from the defendant as a result of an injury causing event and as against whom defendant sought or recovered reimbursement of long-term disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the laws of the District of Columbia or one of the fifty (50) states of the United States requiring Defendant to reduce its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the insureds incurred in their underlying litigation and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions.

C. Who were injured and received long-term disability benefits from the defendant as a result of an injury

causing event and as against whom defendant sought or
recovered reimbursement of long-term disability
benefits it had paid to insureds from the insureds'
tort recoveries contrary to the laws of the District of
Columbia or one of the fifty (50) states of the United
States abrogating any claim for subrogation and/or
reimbursement against the insureds' personal injury
recovery before the insured had first been made whole
and fully compensated for all of their damages and
losses and who suffered harm and damages which include,
by way of exemplification and not in limitation, the
loss of use of money, the loss of interest on money,
the loss of possession of their funds; the loss
enjoyment of their funds, their losses in having to
free their funds from defendants' encumbrances and
payment of money from their tort recoveries to the
defendant as a result of defendants' wrongful
reimbursement demands and actions.

## COUNT I
## RELIEF FOR VIOLATION OF
## EMPLOYEE WELFARE BENEFIT PLAN AND POLICY

85. Plaintiff, on behalf of herself and other persons
similarly situated, repeats and re-alleges the allegations of the
preceding paragraphs as if fully restated herein.

86. At all relevant times, both AETNA and RAWLINGS exercised
discretionary authority, control and/or responsibility for
administration or management of the Plan and management or
disposition of Plan assets within the meaning of ERISA. ERISA §
3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

87. The defendants, AETNA and RAWLINGS, seek reimbursement
of long-term disability benefits paid to the plaintiff, JOANNE
WOLFF, from the proceeds of the settlement of her tort claim in
connection with injuries sustained in a September 30, 2015 motor
vehicle accident.

88. Defendants' assertion of liens, subrogation claims and/or repayment demands as against the proceeds of Plaintiffs' personal recoveries is a breach of the underlying policy and of the Employee Welfare Benefit Plan.

89. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement and wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

90. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement and wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries wherein the defendant did not comply with the policy to not subrogate against the class plaintiff insureds' personal injury recovery for pain and

suffering.

91. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement and wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries without reducing its reimbursement demand or recovery  by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

92. The defendants, AETNA and RAWLINGS, have continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law.

93. The defendants, AETNA and RAWLINGS, have continuously,

systematically and wrongfully acted against all class plaintiff
insureds by wrongfully asserting claims for reimbursement,
continuing to wrongfully assert claims for reimbursement and
wrongfully securing payment in reimbursement from class
plaintiffs who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event for the long-term disability benefits it had paid to
insureds from the insureds' tort recoveries wherein the class
plaintiff insureds had not recovered disability losses or
disability payments in their underlying litigation.

94. The defendants, AETNA and RAWLINGS, have no right to
reimbursement and may not assert any right of reimbursement on
the actions as set forth above.

95. By taking the actions described above, Defendants
violated the rights of Plaintiff and Class Members. Specifically,
under the Plan, Plaintiff and Class Members have rights to
insurance benefits that are not subject to lien, subrogation
claims, and/or repayment demands. Accordingly, Defendant's
demands for lien, subrogation and/or repayment infringes upon and
is in derogation of those rights under the Plan.

96. Defendants' repudiation of the terms of the employee
welfare benefit plan is actionable in this Court under ERISA §
502, 29 U.S.C. § 1132, which allows a participant or beneficiary
to bring a civil action "to recover benefits due to him under
the terms of her plan, to enforce her rights under the terms of

the plan, or to clarify her rights to future benefits under the terms of the plan."

97. Additionally, a participant suing under this provision is entitled to interest on any retroactive amounts awarded.

98. The actions of the defendants are a breach of the underlying policy and of the Employee Welfare Benefit Plan which has caused the insureds to suffer damages as a result.

99. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

100. Pursuant to ERISA §502, Plaintiffs are entitled to an relief as against the defendants, AETNA and RAWLINGS.

101. Further, the plaintiff, JOANNE WOLFF, and each AETNA insured and member of the class, is entitled to a declaration that the defendants, AETNA and RAWLINGS:

    a)    have no right of reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the long-term disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

    b)    have no right of reimbursement wherein the defendant did not comply with the policy to not subrogate against

the class plaintiff insureds' personal injury recovery
for pain and suffering.

c)    have no right of reimbursement without reducing its
      reimbursement demand or recovery by the pro-rata share
      attorney fees and expenses that the class plaintiff
      insureds incurred in their underlying litigation
      contrary to the policies and law.

d)    have no right of reimbursement before the class
      plaintiff insureds had first been made whole and fully
      compensated for all of their damages and losses
      contrary to law.

e)    have no right of reimbursement wherein the class
      plaintiff insureds had not recovered long-term
      disability losses or disability payments in their
      underlying litigation.

102. The controversy poses an issue for judicial
determination.

103. The controversy involves substantial rights of the
parties to the action.

104. The controversy poses an issue for judicial
determination by this Court at this time.

105. A judgment of this Court in this action will serve a
useful purpose in clarifying and settling the legal relations at
issue between the parties.

106. A judgment of this Court will determine, terminate and
afford relief from the uncertainty and controversy giving rise to
this action.

107. As a result of defendants' wrongful reimbursement
demands and actions, Plaintiff and class members suffered harm

and damages  which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

108. The plaintiff, JOANNE WOLFF, and every AETNA insured is entitled to a declaration as to the propriety of Defendants' actions alleged herein.

## COUNT II
### (BREACH OF FIDUCIARY DUTY - DUTY OF LOYALTY)

109. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

110. At all relevant times, Defendant AETNA was a fiduciary of the Plan, as AETNA exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

111. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), imposes on Plan fiduciaries a duty of loyalty, that is, a duty to discharge her duties with respect to a Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and

beneficiaries.

112. As a fiduciaries of the Plan, Defendant AETNA was obligated to discharge its duties solely in the interests of Plaintiffs, who are Plan participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and beneficiaries.

113. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), participants and beneficiaries may sue "to enjoin any act or practice which violates any provision of this subchapter [*e.g.*, fiduciary provisions] or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan."

114. Instantly, AETNA exercised discretionary authority, control or responsibility in its role as Fiduciary for its own benefit, interest and advantage.

115. Further, AETNA had a conflict in that AETNA, in the exercise of its discretionary authority, control and responsibility as a Fiduciary with a fiduciary duty to the Plaintiffs, placed itself into position to make decisions and take actions, and then did make decisions and took actions, that pitted AETNA's interests against those of the Plaintiffs to whom AETNA owed a fiduciary duty.

116. Defendant AETNA breached its duty to avoid conflicts of interest by administering the Plan in a way favorable to itself

and adversely to the participants and beneficiaries and by otherwise placing their own and/or AETNA's interests above the interests of the participants and beneficiaries.

117. More specifically, if AETNA pursued and secured reimbursement money from AETNA insureds, the reimbursement money AETNA received from AETNA insureds would go to AETNA. Accordingly, there was a "sum zero" scenario in which either AETNA would take money or the Plaintiffs would keep money.

118. AETNA placed itself into a position to make decisions and to take actions whether reimbursement against the AETNA insureds was proper and then whether to pursue reimbursement against AETNA insureds.

119. In sum, in its role as a fiduciary to WOLFF, AETNA had to decide who would get money - AETNA or WOLFF - and AETNA chose AETNA.

120. Even further, AETNA not only breached its duty to avoid conflicts of interest, AETNA acted in actual conflict with ERISA beneficiaries.

121. In that regard, AETNA further breached its fiduciary duty of loyalty to WOLFF and the insured class plaintiff by exercising discretionary authority, control and responsibility through its actions to pursue and recover reimbursement from Plaintiffs when such actions were in violation of the law and in violation of the Employee Welfare Benefit Plan.

122. AETNA not only breached its duty to avoid conflicts of

interest but acted in actual conflict with ERISA beneficiaries by
demanding and taking money in reimbursement from ERISA
beneficiaries wherein the defendant did not comply with the
policy to not subrogate against the class plaintiff insureds'
personal injury recovery for pain and suffering in violation of
the Employee Benefit Plan.

123. AETNA not only breached its duty to avoid conflicts of
interest but acted in actual conflict with ERISA beneficiaries by
demanding and taking money in reimbursement from ERISA
beneficiaries wherein the defendant did not comply with the
policy to not subrogate against the class plaintiff insureds'
personal injury recovery for future medical care in violation of
the Employee Benefit Plan.

124. AETNA not only breached its duty to avoid conflicts of
interest but acted in actual conflict with ERISA beneficiaries by
demanding and taking money in reimbursement from ERISA
beneficiaries without reducing its reimbursement demand or
recovery  by the pro-rata share attorney fees and expenses that
the class plaintiff insureds incurred in their underlying
litigation in violation of the Employee Benefit Plan.

125. AETNA not only breached its duty to avoid conflicts of
interest but acted in actual conflict with ERISA beneficiaries by
demanding and taking money in reimbursement from ERISA
beneficiaries before the class plaintiff insureds had first been
made whole and fully compensated for all of their damages and

losses.

126. AETNA not only breached its duty to avoid conflicts of interest but acted in actual conflict with ERISA beneficiaries by demanding and taking money in reimbursement from ERISA beneficiaries wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation in violation of the Employee Benefit Plan.

127. AETNA's pursuit, enforcement and collection of liens from ERISA beneficiaries as aforesaid violated its fiduciary duty to Plaintiffs with each act constituting its own violation and claim or cause of action in its own right.

128. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs have already, and will continue to, suffer actual harm in the absence of relief.

129. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), and ERISA §404, 29 U.S.C. §1104(a), Defendants in this Count are liable to restore the losses caused by their breaches of fiduciary duties.

130. As a result of defendant's violation of the fiduciary duty, Plaintiffs are entitled to relief as against the defendants.

131. The actions of the defendant are a breach of ERISA, the underlying policy and of the Employee Welfare Benefit Plan which has caused ERISA beneficiaries insureds to suffer losses as a result.

132. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and ERISA beneficiary class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

## COUNT III
### (ERISA RELIEF)

133. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

134. At all relevant times, Defendant was a fiduciary of the Plan, as defendant exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

135. ERISA imposes a duty to Disclose Complete and Accurate Information and to avoid misrepresentations.

136. ERISA fiduciaries have a duty to disclose complete and accurate information about benefits to plan beneficiaries.

137. ERISA fiduciaries may not make material misrepresentations and may not strategically withhold material

information.

138. Under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), participants and beneficiaries may sue "to recover benefits due to him under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan."

139. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), participants and beneficiaries may sue "to enjoin any act or practice which violates any provision of this subchapter [*e.g.*, fiduciary provisions] or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan."

140. AETNA's conduct, as set forth herein, violated its fiduciary duty to Plaintiffs and the ERISA beneficiary Plaintiffs are entitled to relief under ERISA as a result.

141. The defendant, AETNA, continuously, systematically and wrongfully acted against WOLFF and all class ERISA beneficiaries by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement, and wrongfully securing payment from ERISA beneficiaries in contravention to law and the ERISA Plans.

142. The defendant, AETNA continuously, systematically, and inaccurately did not disclose to WOLFF and all class ERISA beneficiaries that AETNA was not entitled to reimbursement:

wherein the defendant did not comply with the policy to not subrogate against the class plaintiff insureds' personal injury recovery in violation of the long-term disability Plan; without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation in violation of the Employee Benefit Plan; before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses and wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation in violation of the Employee Benefit Plan.

143. AETNA's disclosures to WOLFF and the class ERISA beneficiaries were inaccurate as being both contrary to law and contrary to the Employee Welfare Benefits Plan.

144. Plaintiff WOLFF and class ERISA beneficiaries are legally entitled to enjoin AETNA's reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a).

145. Furthermore, as an ERISA fiduciary with a duty to disclose complete and accurate information to ERISA beneficiaries, AETNA is required to notify and disclose to WOLFF and all class ERISA beneficiaries against whom it asserted reimbursement or received reimbursement repayment, that AETNA was not entitled to reimbursement: wherein the defendant did not comply with the policy to not subrogate against the class

plaintiff insureds' personal injury recovery in violation of the long-term disability Plan; without reducing its reimbursement demand or recovery  by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation in violation of the Employee Benefit Plan; before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses; and wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation in violation of the Employee Benefit Plan.

146. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), and ERISA §404, 29 U.S.C. §1104(a), Defendant AETNA is liable to restore the losses caused by their breaches of fiduciary duties.

147. As a result of defendant's violation of the fiduciary duty, Plaintiffs are entitled to relief as against the defendants.

148. The actions of the defendant is a breach ERISA, of the underlying policy and of the Employee Welfare Benefit Plan which has caused WOLFF and other ERISA beneficiary class members to suffer losses as a result.

149. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and ERISA beneficiary class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their

funds, the loss  enjoyment of their funds, their losses in having
to free their funds from defendants' encumbrances, and payment of
money from their tort recoveries to the defendant.

**PLAINTIFF'S ALTERNATIVE STATE LAW CLAIMS
AGAINST DEFENDANT RAWLINGS ONLY**
(These Claims Are Included At This Juncture
As Reconsideration Has Been Filed and Will
Certainly Be Stricken if the Court Denies
Reconsideration or Otherwise So Orders)

**STATEMENT OF FACTS**

150. The claims set forth herein are state law claims pled
in the alternative against Defendant RAWLINGS only in the event
that RAWLINGS did not exercise any discretionary authority,
control and/or responsibility for administration or management of
the Plan and management or disposition of Plan assets within the
meaning of ERISA.

151. The present action involves disability benefits paid
through insurance and not disability benefits paid through a
self-funded plan.

152. The present action is brought to enforce Plaintiff's
rights under state law only.

153. RAWLINGS is a third-party service provider that
provides recovery services to AETNA.

154. The present action involves a claim seeking relief in
connection with the actions of the defendant, RAWLINGS, in
RAWLINGS' assertion of liens against the proceeds of Plaintiff's
personal injury recovery where no such lien existed as a matter

of law irrespective of any policy provision.

155. Plaintiff asserts herein state-law claims against RAWLINGS only, seeking declaratory relief, return of all monies recovered, and payment of extra-contractual bad faith damages in connection with the actions of the defendant, RAWLINGS, in asserting liens against the proceeds of Plaintiff's personal injury recovery where no such lien existed as a matter of law irrespective of any purported ERISA plan, policy, or policy provision.

156. At all times relevant hereto, the plaintiff, JOANNE WOLFF, was insured for disability benefits under a Group Disability Plan issued by AETNA.

157. The disability benefits were paid through insurance and were not paid by a self-funded plan.

158. The plaintiff, JOANNE WOLFF, sustained injury as a result of a motor vehicle accident which rendered her temporarily disabled.

159. As a result of her temporary disability, the plaintiff, JOANNE WOLFF, submitted a claim for short term disability benefits to AETNA to be paid under the fully-insured and not self-funded disability policy.

160. Pursuant to Pennsylvania law, it is unlawful to subrogate as to disability benefits paid by insurance relative to injuries sustained in motor vehicle accidents as a matter of law irrespective of any policy provision.

161. Notwithstanding the unlawfulness of subrogation for the disability benefits paid to JOANNE WOLFF was improper as a matter of law irrespective of any policy provision, Defendant RAWLINGS still asserted a claim for reimbursement of $50,164.50 as against the proceeds of WOLFF's personal injury recovery.

162. Notwithstanding the unlawfulness of subrogation for the disability benefits paid to JOANNE WOLFF being improper as a matter of law irrespective of any policy provision, Defendant RAWLINGS demanded reimbursement of $50,164.50 as against the proceeds of WOLFF's personal injury recovery.

163. Defendant RAWLINGS intentionally, wantonly, willfully and in reckless disregard of the legal rights of the plaintiff, JOANNE WOLFF made a demand for reimbursement and recovery from the proceeds of the Plaintiff's personal injury recovery of her motor vehicle accident claim in violation of the dictates of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

164. Defendant RAWLINGS made a claim for subrogation as against Plaintiff's personal injury recovery from the motor vehicle accident claim of the plaintiff, JOANNE WOLFF, with knowledge that its assertion of the claim was in violation of Pennsylvania law.

165. The defendant's actions for recovery and reimbursement are part of a systemic scheme and plan of fraud designed to illegally recover disability benefits as from the proceeds of the

personal injury recovery of motor vehicle accident claims of
insureds.

166. The defendant's actions for recovery and reimbursement
were part of a systemic plan to illegally recover disability
benefits as from the proceeds of insured's personal injury
recoveries for it own benefit, gain, and advantage.

167. Defendant RAWLINGS was compensated based on a
percentage of the amount of money Defendant RAWLINGS recovered in
subrogation from persons insured by AETNA under disability
policies.

168. Upon information and belief, it is averred that
Defendant RAWLINGS was to be compensated at the rate of 20% of
the money it recovered.

169. As a result, Defendant RAWLINGS had impetus and
incentive to attempt to recover money through its reimbursement
and recovery activities.

170. Further, Defendant RAWLINGS would be paid its
commissions based on the amount recovered, irrespective of
whether the amount recovered through its reimbursement and
recovery activities was lawful or unlawful.

171. Every act of Defendant RAWLINGS in furtherance of its
reimbursement and recovery activities was an illegal and wrongful
act in and of itself and in its own right.

172. In consequence of Defendant RAWLINGS' actions in
violation of Pennsylvania law, counsel for WOLFF had to refuse

WOLFF the lawful payment, ownership and use of her funds by holding the disputed funds in escrow.

173. The plaintiff, JOANNE WOLFF, has been deprived or suffered impairment of the ownership, possession, and use of the proceeds of the tort settlement by reason of the illegal assertion of the claim for reimbursement of Defendant RAWLINGS in contravention of Pennsylvania law.

174. Defendant RAWLINGS has intentionally, wantonly, willfully and wrongfully asserted claims for reimbursement from the proceeds of the personal injury recoveries of the Plaintiff from her motor vehicle accident recovery in violation of Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq as part of its systemic scheme and plan.

## STATUTORY PROVISIONS

175. Section 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law eliminates all rights of subrogation or reimbursement by all group plans, programs or other arrangements for payment of benefits in connection with injuries sustained in motor vehicle accidents.

176. Specifically, § 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law provides:

> "In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable

by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits)."

177. In addition to 75 Pa.C.S.A. §1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law, under the laws in the District of Columbia or one of the fifty (50) states of the United States, insurers are prohibited from asserting subrogation, liens and/or reimbursement against insureds' personal injury recoveries arising from personal injury claims.

178. In addition to 75 Pa.C.S.A. §1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law, under the laws in the District of Columbia or one of the fifty (50) states of the United States, insurers are prohibited from asserting lien, subrogation and/or reimbursement claims.

179. Accordingly, all claims for reimbursement or recovery from an insured's tort recovery are prohibited as a matter of law, completely irrespective of the terms of any insurance policy because any such right has been categorically abrogated by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq, the laws in the District of Columbia, or one of the fifty (50) states of the United States.

180. No interpretation of any policy or plan is necessary to determine that Defendant RAWLINGS' reimbursement demands were not permitted.

## CLASS ACTION ALLEGATIONS REGARDING PLAINTIFF'S ALTERNATIVE STATE LAW CLAIMS AGAINST DEFENDANT RAWLINGS

181. The plaintiff, JOANNE WOLFF, brings these claims

against Defendant RAWLINGS individually and on behalf of a class of similarly situated persons as a class action pursuant to the Federal Rules of Civil Procedure.

182. Defendant RAWLINGS has continuously, systematically and wrongfully asserted claims for reimbursement of long-term disability benefits or recovered monies from settlements or verdicts of motor vehicle claims where all such claims for reimbursement and recovery are improper as a matter of law irrespective of any policy provision insofar as 75 Pa.C.S. § 1720 abrogates any claim for subrogation and/or reimbursement as recognized by the Supreme Court of Pennsylvania in *Tannenbaum v. Nationwide*, 992 A.2d 859 (Pa. 2010).

183. Further, Defendant RAWLINGS has continuously, systematically and wrongfully asserted claims for reimbursement of long-term disability benefits or recovered monies from settlements or verdicts where all such claims for reimbursement and recovery are improper as a matter of law, irrespective of any policy provision, as to each state whose law abrogates any claim for subrogation and/or reimbursement from tort recoveries.

184. Defendant RAWLINGS has continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from AETNA as a result of an injury causing event for the disability benefits AETNA had

paid to insureds from the insureds' tort recoveries contrary to each state whose law abrogates any claim for subrogation and/or reimbursement from tort recoveries.

185. Defendant RAWLINGS has continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement, or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event from the insureds' tort recoveries without reducing its reimbursement demand or recovery  by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to each state whose law abrogates any claim for subrogation and/or reimbursement from tort recoveries.

186. Defendant RAWLINGS has continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to each state whose law abrogates any claim for

subrogation and/or reimbursement from tort recoveries.

187. Defendant RAWLINGS has continuously, systematically and wrongfully acted against all class plaintiff insureds by wrongfully asserting claims for reimbursement, continuing to wrongfully assert claims for reimbursement, or wrongfully securing payment in reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation.

188. As a result of Defendant RAWLINGS' actions as aforementioned, Plaintiff, JOANNE WOLFF, seeks to represent the class of persons:

A. Injured in motor vehicle accidents, received long-term disability benefits from AETNA, recovered money pursuant to a tort claim and/or settlement, were subject to Defendant RAWLINGS' claims for reimbursement and who suffered as a result harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' reimbursement demands and actions.

B. Injured in motor vehicle accidents, received long-term disability benefits from AETNA, recovered money pursuant to a tort claim and/or settlement, were subject to Defendant RAWLINGS' claims for reimbursement, paid Defendant RAWLINGS pursuant to its claims for reimbursement, and who suffered as a result harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants'

encumbrances and payment of money from their tort recoveries
to the defendant as a result of defendants' reimbursement
demands and actions.

C.  Who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event and as against whom defendant sought or recovered
reimbursement of long-term disability benefits it had paid
to insureds from the insureds' tort recoveries contrary to
the law of each state abrogating any claim for subrogation
and/or reimbursement against the insureds' personal injury
recovery and who suffered harm and damages which include, by
way of exemplification and not in limitation, the loss of
use of money, the loss of interest on money, the loss of
possession of their funds; the loss  enjoyment of their
funds, their losses in having to free their funds from
defendants' encumbrances and payment of money from their
tort recoveries to the defendant as a result of defendants'
wrongful reimbursement demands and actions.

E. Who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event and as against whom defendant sought or recovered
reimbursement of long-term disability benefits it had paid
to insureds from the insureds' tort recoveries contrary to
the law of each state requiring Defendant to reduce its
reimbursement demand or recovery by the pro-rata share
attorney fees and expenses that the insureds incurred in
their underlying litigation and who suffered harm and
damages which include, by way of exemplification and not in
limitation, the loss of use of money, the loss of interest
on money, the loss of possession of their funds; the loss
enjoyment of their funds, their losses in having to free
their funds from defendants' encumbrances and payment of
money from their tort recoveries to the defendant as a
result of defendants' wrongful reimbursement demands and
actions.
F. Who were injured and received long-term disability
benefits from the defendant as a result of an injury causing
event and as against whom defendant sought or recovered
reimbursement of long-term disability benefits it had paid
to insureds from the insureds' tort recoveries contrary to
the law of each state abrogating any claim for subrogation
and/or reimbursement against the insureds' personal injury
recovery before the insured had first been made whole and
fully compensated for all of their damages and losses and
who suffered harm and damages which include, by way of
exemplification and not in limitation, the loss of use of
money, the loss of interest on money, the loss of possession
of their funds; the loss  enjoyment of their funds, their
losses in having to free their funds from defendants'

encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions.

189. The plaintiff, JOANNE WOLFF, reserves the right to amend the definition and/or identify subclasses upon completion of class discovery and/or certification.

190. It is believed, and therefore averred, that the class is so numerous as to allow certification.

191. It is believed and therefore averred that the total amount in dispute on behalf of the claims of similarly situated individuals does not exceed $5,000,000.00.

192. It is believed, and therefore averred, that the members of the putative class are so numerous that joinder of all members is impracticable.

193. Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of Defendant RAWLINGS.

194. A class action is the only practicable means available for the members of the class to pursue the appropriate remedies under the policies of insurance in question and the law.

195. A class action is the only practicable means available to prevent Defendant RAWLINGS from engaging in the continuous and systematic illegal and unlawful conduct under state law and to remedy the harm created by this illegal and unlawful conduct.

196. The questions of law and fact are common to the members of the class which the plaintiff, JOANNE WOLFF, seeks to represent.

197. The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

198. The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

(a) Each member of the class was insured under a long-term disability benefits policy issued by the defendant;

(b) Each member of the class was injured in an injury causing event;

(c) Each member of the class was paid long-term disability benefits by AETNA as a result of injuries sustained in the injury causing event;

(d) Each member of the class made a tort recovery arising from the injury causing event;

(e) For each member of the class, Defendant RAWLINGS made claim for reimbursement of long-term disability benefits paid as a result of injuries sustained in the injury causing event;

(f) For each member of the class, Defendant RAWLINGS' claims for reimbursement are improper as a matter of law as:

   • state law abrogates any reimbursement or right of recovery from the class plaintiffs' tort recoveries;

   • the defendant did not reduce its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the insureds incurred in their underlying litigation;

   • the defendant demanded and secured reimbursement before the insured had first been made whole and fully compensated for all of their damages and

losses;

- the defendant demanded and secured reimbursement even where the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation;

199. As a result of Defendant RAWLINGS' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to Defendant RAWLINGS.

200. The plaintiff, JOANNE WOLFF, is a member of the class that she seeks to represent.

201. The claims of the plaintiff, JOANNE WOLFF, are typical of the claims of other members of the class which she purports to represent.

202. The plaintiff, JOANNE WOLFF, is well qualified to act as class representative.

203. The plaintiff, JOANNE WOLFF, will fairly and adequately protect the interests of the members of the class.

204. The plaintiff, JOANNE WOLFF, has no interest that is adverse or antagonistic to the interests of the members of the class.

205. The plaintiff, JOANNE WOLFF, is committed to

prosecuting the class action.

206. The plaintiff, JOANNE WOLFF, has retained competent counsel who are experienced in litigation of this nature.

207. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

208. Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

209. The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

210. It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

211. The plaintiff, JOANNE WOLFF, anticipates no difficulty in the management of this action as a class action.

212. The class action brought by the plaintiff, JOANNE WOLFF, is a convenient and proper forum in which to litigate the claim.

213. The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendants, AETNA and RAWLINGS, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the

matter.

214. Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

215. Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of Defendant RAWLINGS.

## COUNT IV
## (CONVERSION)

216. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

217. Plaintiff possessed property in the form of compensation received for injuries suffered.

218. Plaintiff had a right to immediate possession and use of the compensation they received for such injuries.

219. Defendant RAWLINGS' conduct in asserting liens and demands for repayment and in securing payment from Plaintiff's personal injury recoveries was an unlawful interference with Plaintiff's right to immediate possession and use of the compensation received.

220. As a result of Defendant RAWLINGS' unlawful interference with Plaintiff's compensation, Plaintiff is entitled to declaratory, injunctive and monetary relief as set forth hereinafter.

**COUNT V**
**(MONEY HAD AND RECEIVED)**

221. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

222. As a result of Defendant RAWLINGS' repayment demands from Plaintiff's and other insureds' personal injury settlement recoveries, Defendant RAWLINGS received money rightfully and lawfully belonging to Plaintiff and other insureds.

223. As a result of Defendant RAWLINGS having received money pursuant to their repayment demands from Plaintiff's and other insureds' personal injury settlement recoveries, Defendant RAWLINGS benefitted by retaining a portion of Plaintiff's personal injury recovery as fees for their reimbursement and recovery services.

224. Under principles of good conscience, Defendant RAWLINGS should not be allowed to retain the money that it received pursuant to its repayment demands from Plaintiff's and other injured insureds' personal injury settlement recoveries.

**COUNT VI**
**(INTENTIONAL MISREPRESENTATION)**

225. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

226. Defendant RAWLINGS represented to Plaintiff that it was entitled to a lien, subrogation and/or reimbursement from

Plaintiff's personal injury recovery.

227. At all times relevant hereto, Defendant RAWLINGS knew, or should have known, that Pennsylvania law prohibits liens, subrogation claims and/or reimbursement demands by health insurers.

228. Defendant RAWLINGS' wrongful assertion of a lien, subrogation claim and/or repayment demand as against Plaintiff's personal injury recovery was an intentional misrepresentation of fact.

229. Plaintiff relied to her detriment on Defendant RAWLINGS' intentional misrepresentation of fact contained in its lien notices and subrogation and repayment demands.

230. As a direct and proximate result of Defendant RAWLINGS' misrepresentations, Plaintiff has suffered injuries in the form of economic losses.

## COUNT VII
### (NEGLIGENT MISREPRESENTATION)

231. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

232. Pennsylvania law's prohibition of Defendant RAWLINGS' lien, subrogation, and/or reimbursement claim was a material fact to Plaintiff at the time that Defendant RAWLINGS made its demand for reimbursement.

233. Defendant RAWLINGS, acting as aforesaid, negligently and recklessly misrepresented to Plaintiff that it was entitled

to a lien, subrogation and/or reimbursement from Plaintiff's personal injury recovery.

234. As a natural and proximate result of Defendant's material misrepresentations, Plaintiff relied on said misrepresentations concerning Defendant RAWLINGS' right to reimbursement, including but not limited being manipulated into paying Defendant RAWLINGS pursuant to its demand for reimbursement.

235. Defendant RAWLINGS made such material misrepresentations with a reckless disregard of the rights of Plaintiffs.

236. Defendant RAWLINGS knew and/or should have known that its representations were false and misleading.

237. Plaintiff relied to her detriment on Defendant RAWLINGS' intentional misrepresentation of fact contained in its lien notices and subrogation and repayment demands.

238. As a direct and proximate result of Defendant RAWLINGS' misrepresentations, Plaintiff has suffered injuries in the form of economic losses.

239. Defendant RAWLINGS' negligent and reckless acts and omissions towards Plaintiff were known to management and were wanton and outrageous.

## COUNT VIII
### (UNJUST ENRICHMENT)

240. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the

preceding paragraphs as if fully restated herein.

241. As a result of the wrongful collection of monies by Defendant RAWLINGS, Defendant RAWLINGS has benefitted at the expense of Plaintiff, as well as other persons similarly situated.

242. As a result of the wrongful collection of monies by Defendant RAWLINGS, Defendant RAWLINGS has been enriched at the expense of Plaintiff as well as other persons similarly situated.

243. As a result of the wrongful collection of monies by Defendant RAWLINGS, Defendant RAWLINGS' enrichment at the expense of Plaintiff and other persons similarly situated, was unjust.

**COUNT IX**
**(THEFT BY DECEPTION)**

244. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

245. Defendant RAWLINGS intentionally obtained the property of the Plaintiffs by deception.

246. Defendant RAWLINGS created or reinforced a false impression, including a false impression as to law, value, intention or state of mind.

247. Defendant RAWLINGS failed to correct a false impression which it previously created or reinforced, or which Defendant RAWLINGS knew to be influencing Plaintiff.

248. Plaintiff asserts this claim as a private cause of action as a victim of the conduct that is specifically prescribed

to be illegal by this Act.

249. Alternatively, Plaintiff also pleads this statute as establishing the standard of conduct owed by Defendant RAWLINGS to Plaintiff and points to this not as a private cause of action but as proof of the standard of conduct.

## COUNT X
### (ATTEMPTED THEFT)

250. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

251. Defendant RAWLINGS attempted, with intent to commit a crime, an act which constituted a substantial step toward the

252. Plaintiff asserts this claim as a private cause of action as a victim of the conduct that is specifically prescribed to be illegal by this Act.

253. Alternatively, Plaintiff also pleads this statute as establishing the standard of conduct owed by Defendant RAWLINGS to Plaintiff and points to this not as a private cause of action but as proof of the standard of conduct.

## COUNT XI
### (VIOLATIONS OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW)

254. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

255. Section 3 of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P. S. § 201-3, provides, in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by sub clauses (i) through (xxi) of clause (4) of section 2 of this act ... are hereby declared unlawful.

256. Section 2 of the UTPCPL, 73 P. S. § 201-2, provides, in pertinent part: "Unfair methods of competition" and "Unfair or deceptive acts or practices" mean any one or more of the following:

> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

257. Defendant RAWLINGS committed prohibited unfair and deceptive actions and practices as defined in the UTPCPL in connection with the handling of disability claims and the assertion of liens against the proceeds of Plaintiff's personal injury recovery where no such lien exists as a matter of law irrespective of any policy provision by:

> a. Engaging in deceptive acts and conduct which created a likelihood of confusion or of misunderstanding, including but not limited to, lying to Plaintiff about the Plaintiff's obligation to repay the benefits as a matter of Pennsylvania law;

> b. Engaging in fraudulent acts and conduct which created a likelihood of confusion or of misunderstanding, including but not limited to, lying to Plaintiff about the Plaintiff's obligation to repay the benefits as a matter of  Pennsylvania law.

258. Plaintiff justifiably relied upon Defendant RAWLINGS' deceptive acts and conduct, including but not limited to, lying to Plaintiff about the Plaintiff's obligation to repay the benefits as a matter of Pennsylvania law.

259. As a direct and proximate result of Defendant's prohibited acts and omissions under the UTPCPL, Plaintiff has suffered ascertainable losses for which she may recover under the Act.

## COUNT XII
### (PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT)

260. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

261. Pursuant to the Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. §2270.4(a), the law provides in relevant part that the following acts are unlawful:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of —
(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of

the foregoing, the following conduct is a violation of
this section:

> (1) The collection of any amount (including
> any interest, fee, charge, or expense
> incidental to the principal obligation)
> unless such amount is expressly authorized by
> the agreement creating the debt or permitted
> by law.

262. That Plaintiff had secured her personal injury recovery
at the time of certain of defendant's debt collection actions.

263. That Plaintiff's personal injury recovery was held in
escrow by Plaintiff's attorney at the time Defendant RAWLINGS
sent letters, made its reimbursement demands, and undertook its
debt collection actions.

264. Defendant RAWLINGS committed prohibited debt collection
activities as defined in the PFCEUA in connection with its
reimbursement demands against the Plaintiff's personal injury
recoveries where no such lien exists under Pennsylvania law,
including, but not limited to:

a.   Engaging in false, deceptive or misleading
     representations in the collection of a debt by its
     false representation of the amount of debt owed by
     Plaintiff and by the false representation of the legal
     status of the debt;

b.   Using false representation or deceptive means to
     collect or attempt to collect a debt by its false
     representation that Plaintiff was obligated to
     reimburse AETNA and RAWLINGS on a lien that it did not
     lawfully have as a matter of Pennsylvania law;

265. As a direct and proximate result of Defendant's

prohibited acts and omissions under the PFCEUA, Plaintiff has suffered losses for which she may recover under the Act.

## RELIEF DEMANDED

266. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

WHEREFORE, Plaintiff, JOANNE WOLFF, individually and on behalf of a Class of Similarly Situated Persons, respectfully requests that this Court enter an Order:

A. Determining that this action is a proper class action, certifying the named Plaintiffs as class representatives for the classes alleged herein and Plaintiffs' counsel as Class Counsel;

B. Awarding judgment as to Count I in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendants AETNA AND RAWLINGS for:

    (1)   All damages or permissible equitable or permissible monetary relief for benefits in favor of each named Plaintiff and each Other Similarly Situated Individual;

    (2)   All damages or permissible equitable or permissible monetary relief for benefits in favor of each named Plaintiff and each Other Similarly Situated Individual in recovery of benefits due under the Plan and in enforcement of rights under the Plan;

    (3)   All affirmative and negative injunctive and other permissible equitable or monetary relief for benefits in order to accord to the Plaintiff and each Other Similarly Situated Individual the full and complete measure of benefits which Plaintiff and each Other Similarly Situated Individual entitled to under the Plan and to remedy Defendants' breaches alleged above, as provided by any and all applicable provisions of ERISA;

(4)   Preliminary and permanent relief, including but not
      limited to enjoining Defendants' actions complained of
      herein;

(5)   Relief under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1)
      to recover benefits due to him under the terms of her
      plan, to enforce her rights under the terms of the
      plan, or to clarify her rights to future benefits under
      the terms of the plan;

(6)   All harms and damages suffered by WOLFF and each Other
      Similarly Situated Individual which include, by way of
      exemplification and not in limitation, the loss of use
      of money and the loss of interest on money, arising
      from Defendants' actions;

(7)   Judgement declaring the contractual liens invalid as
      against personal injury recoveries and a judgment
      reimbursing all losses sustained by the Plaintiffs for
      all damages each sustained by the loss of use and
      possession of their funds; loss use and enjoyment of
      their funds and losses suffered in having to free their
      funds from defendants' encumbrances;

(8)   Judgment directing the return of all monies of which
      the named Plaintiff and each other Similarly Situated
      Individual have been dispossessed as a result of the
      reimbursement demands and actions by the defendant;

(9)   All harms and damages Plaintiffs and Class members have
      sustained as a result of Defendants' conduct as may be
      permitted under the relevant statutes and law;

(10)  All harms and damages arising from the improper
      reimbursement actions of the defendant;

(11)  The or release of all monies which have been taken,
      liened, charged, received or encumbered with such
      monies held, paid or otherwise liened, charged or
      encumbered be returned or released free of all claims,
      charges, holds, claims, demands, interest, liens,
      pretensions;

(12)  Judgment equal to the sum of the lien, reimbursement
      claim or reimbursement asserted by Defendants and any
      other damages incurred, related to such lien,
      reimbursement claim and/or repayment demand which
      judgement to be satisfied from monies recovered,
      encumbered, impleaded, held or taken;

(13)  Reasonable attorney fees and expenses, as provided by

ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(14)   Taxable costs pursuant to 29 U.S.C. § 1132(g);

(15)   Interest on these amounts, as provided by law;

(16)   Such other and further relief as this Court may deem just and proper.

Further, Plaintiff seeks a declaration under Count I that

Defendants AETNA AND RAWLINGS:

(1)   Have no right of reimbursement from the proceeds of tort recovery of the injury causing event in connection with the long-term disability benefits paid to the plaintiff, JOANNE WOLFF, in connection with injuries sustained in the September 30, 2015 injury causing event;

(2)   Have no right to reimbursement from class plaintiffs who were injured and received long-term disability benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law;

(3)   Have no right to reimbursement wherein the defendant did not comply with the policy to not subrogate against the class plaintiff insureds' personal injury recovery for pain and suffering;

(4)   Have no right to reimbursement without reducing its reimbursement demand or recovery  by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law;

(5)   Have no right to reimbursement before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law;

(6)   Have no right to reimbursement wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation.

(7)   Awarding interest, counsel fees and costs;

(8)   Such other relief as the Court deems appropriate.

C. Awarding judgment as to Count II in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant AETNA for:

(1) All damages and permissible equitable or permissible monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2) All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §409(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6) Affirmative and negative injunctive and other appropriate equitable relief to prevent breaches of fiduciary duty in the future;

(7) Injunction on behalf of WOLFF and ERISA beneficiaries to enjoin AETNAs's reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(8) Disclosure and notice to WOLFF and the ERISA beneficiaries as to whom AETNA asserted subrogation or received subrogation repayment that AETNA was not entitled to subrogation as set forth herein.

(9) Reasonable attorney fees and expenses, as provided by ERISA §502(g), 29 U.S.C. §1132(g), the common fund doctrine, and other applicable law;

(10) Taxable costs pursuant to 29 U.S.C. §1132(g);

(11) Interest on these amounts, as provided by law;

(12) Surcharge;

(13) Monetary damages against a fiduciary;

(14) All damages Plaintiff and Class members have sustained
as a result of Defendants' breach of its Fiduciary Duty
as may be permitted under the relevant statutes and law;

(15) Such other and further relief as this Court may deem
just and proper.


D. Awarding judgment as to Count III in favor of named

Plaintiff and each Other Similarly Situated Individual and

against Defendant AETNA for:

(1) All damages and permissible equitable or permissible
monetary relief for defendant's breach of its fiduciary
duties in favor of each named Plaintiff and each Other
Similarly Situated Individual;

(2) All permissible equitable or permissible monetary relief
to remedy, redress, compensate, cease, prevent and atone
for defendant's breach of its fiduciary duties in favor
of each named Plaintiff and each Other Similarly
Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs
for each and every type and measure of loss resulting
from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs
for each and every type and measure of loss resulting
from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other
appropriate equitable relief to remedy the breaches
alleged above, as provided by ERISA §404(a) and §502(a),
29 U.S.C. §1104(a) and §1132(a);

(6) Injunction on behalf of WOLFF and ERISA beneficiaries
to enjoin AETNAs's subrogation actions and practices
that violate ERISA and the Employee Welfare Benefit Plan
(ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(7) Disclosure and notice to WOLFF and the ERISA
beneficiaries as to whom AETNA asserted subrogation or

received subrogation repayment that AETNA was not
entitled to subrogation as set forth herein.

(8) All harms and damages suffered by WOLFF and each Other
Similarly Situated Individual which include, by way of
exemplification and not in limitation, the loss of use
of money and the loss of interest on money, arising from
AETNA's actions;

(9) Judgement declaring the contractual liens invalid as
against personal injury recoveries and a judgment
reimbursing all losses sustained by the Plaintiffs for
all damages each sustained by the loss of use and
possession of their funds; loss use and enjoyment of
their funds and losses suffered in having to free their
funds from defendants' encumbrances;

(10) Judgment directing the return of all monies of which the
named Plaintiff and each other Similarly Situated
Individual have been dispossessed as a result of the
subrogation demands and actions by the defendant;

(11) All harms and damages Plaintiffs and Class members have
sustained as a result of Defendants' conduct as may be
permitted under the relevant statutes and law;

(12) All harms and damages arising from the improper
subrogation actions of the defendant;

(13) The or release of all monies which have been taken,
liened, charged, received or encumbered with such monies
held, paid or otherwise liened, charged or encumbered be
returned or released free of all claims, charges, holds,
claims, demands, interest, liens, pretensions;

(14) Judgment equal to the sum of the lien, subrogation claim
or reimbursement asserted by Defendants and any other
damages incurred, related to such lien, subrogation
claim and/or repayment demand which judgement to be
satisfied from monies recovered, encumbered, impleaded,
held or taken;

(15) Reasonable attorney fees and expenses, as provided by
ERISA § 502(g), 29 U.S.C. §1132(g) the common fund
doctrine, and other applicable law;

(16) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(17) interest on these amounts, as provided by law;

(18) Monetary damages against a fiduciary;

(19) Such other and further relief as this Court may deem just and proper.

E. Awarding judgment as to Count IV in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for all harms and damages arising from the unlawful lien and repayment actions of Defendant RAWLINGS, including interest, counsel fees, costs, and punitive damages.

F. Awarding judgment as to Count V in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for all harms and damages arising from the unlawful lien and repayment actions of Defendant RAWLINGS, including interest, counsel fees, costs, and punitive damages.

G. Awarding judgment as to Count VI in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for:

(1) Damages proximately caused by the misrepresentations of Defendant RAWLINGS;

(2) Interest on the amount of Plaintiff's claim improperly withheld;

(3) Punitive damages;

(4) Such further relief as allowed by the Court or available as remedy.

H. Awarding judgment as to Count VII in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for:

(1) Damages proximately caused by the misrepresentations of Defendant RAWLINGS;

(2) Interest on the amount of Plaintiff's claim improperly

withheld;

(3)   Punitive damages;

(4)   Such further relief as allowed by the Court or available as remedy.

I. Awarding judgment as to Count VIII in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for:

(1)   the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the subrogation demands and actions by the defendant;

(2)   All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(3)   Such further relief as allowed by the Court or available as remedy.

J. Awarding judgment as to Count IX in favor of named Plaintiff and each Other Similarly Situated Individual and against Defendant RAWLINGS for:

(1)   damages in the amount of the liens and/or subrogation and/or reimbursement that Defendant RAWLINGS collected from Plaintiff and each Other Similarly Situated Individual;

(2)   actual damages;

(3)   punitive damages;

(4)   attorney fees;

(5)   costs;

(6)   prejudgment and post-judgment interest;

(7)   such further relief as allowed by the Court or available as remedy.

K. Awarding judgment as to Count X in favor of named

Plaintiff and each Other Similarly Situated Individual and

against Defendant RAWLINGS for:

    (1)   damages in the amount of the liens and/or subrogation and/or reimbursement that Defendant RAWLINGS collected from Plaintiff and each Other Similarly Situated Individual;

    (2)   actual damages;

    (3)   punitive damages;

    (4)   attorney fees;

    (5)   costs;

    (6)   prejudgment and post-judgment interest;

    (7)   such further relief as allowed by the Court or available as remedy.

L. Awarding judgment as to Count XI in favor of named

Plaintiff and each Other Similarly Situated Individual and

against Defendant RAWLINGS for:

    (1)   Either the amount of actual damages sustained or the sum of $100, which ever is greater;

    (2)   Attorney fees, expert fees and costs;

    (3)   Treble damages against the defendant;

    (4)   Such further relief as allowed by the Court.

M. Awarding judgment as to Count XII in favor of named

Plaintiff and each Other Similarly Situated Individual and

against Defendant RAWLINGS for:

    (1)   Either the amount of actual damages sustained or the sum of $100, which ever is greater;

    (2)   Attorney fees, expert fees and costs;

    (3)   Treble damages against the defendant;

    (4)   Such further relief as allowed by the Court.

N. Awarding judgment in favor of named Plaintiff and each Other Similarly Situated Individuals for all damages, remedies and recourse as may be permitted under law arising from or related to Defendants' conduct;

O. Judgment in favor of named Plaintiff and each other Similarly Situated Individual, for all lawful damages, remedies and recourse, arising from the unlawful lien, subrogation and/or repayment collections and disclosure inaccuracies of the defendant;

P. Judgment in favor of the named Plaintiff and each other Similarly Situated Individual, equal to the sum of the lien, subrogation claim or reimbursement asserted by Defendants and any other damages incurred, related to such lien, subrogation claim and/or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

Q. Judgement ordering defendant to return or release all monies which have been taken, liened, charged, received or, encumbered and that such monies held, paid or otherwise encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions.


BY: _____/s/_____
CHARLES KANNEBECKER, Esquire
PA Attorney I.D. #58612
104 W. High Street
Milford, PA  18337
Phone:  (570) 296-6471