# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE WOLFF, | | No. 4:19-CV-01596 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| AETNA LIFE INSURANCE CO, | | |
| Defendant. | | |

## MEMORANDUM OPINION

### JULY 15, 2021

## I.   BACKGROUND

At all relevant times, Plaintiff was insured by a long-term disability benefits plan issued by Defendant Aetna Life Insurance Co.[1]  After being in a motor-vehicle accident, Plaintiff submitted a claim to Aetna for long-term disability benefits.[2]  Plaintiff also, however, settled with the other driver involved in the accident and received compensation.[3]  Aetna subsequently sought reimbursement from Plaintiff's settlement under the terms of the insurance policy.[4]

Plaintiff then initiated this action under the Employment Retirement Income Security Act of 1974 ("ERISA").[5]  Plaintiff asserts that, by seeking reimbursement

---

[1]   Doc. 40 at ¶ 6.
[2]   *Id.* at ¶ 9.
[3]   *Id.* at ¶ 12.
[4]   *Id.* at ¶ 13.
[5]   Doc. 1.

from Plaintiff's settlement, Aetna violated both the terms of the policy and Pennsylvania law. Plaintiff now seeks discovery of a list of all persons who were issued policies under the same long-term disability plan that Plaintiff's policy was based on.[6] Aetna contends that any such list is irrelevant because Plaintiff's claims arise under Pennsylvania law; they thus argue that class-based discovery should be limited to residents of the Commonwealth.

Plaintiff's motion is now ripe for disposition; for the following reasons, it is granted.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Consequently, the only issue before the Court is whether discovery regarding potential class members outside of the state of Pennsylvania is relevant to Plaintiff's claims under ERISA. Aetna argues that this discovery is irrelevant because Plaintiff's asserts claims only under state law.

But Aetna misconstrues the allegations in the second amended complaint, which clearly assert that Aetna violated both Pennsylvania law *and the terms of the policy*.[7] Although the scope of ERISA's preemption is broad, state laws may still

---

[6]  Doc. 80.  Plaintiff also seeks a list of any person who was subrogated against by Aetna.  Doc. 81.

[7]  *E.g.*, Doc. 44 at ¶¶ 4, 15, 17, 23, 35-41, 44, 45, 46, 48, 88-91, 95-96, 98, 141-45, 148.

govern ERISA claims where they fall within the statute's "savings clause."[8]  The

Pennsylvania Motor Vehicle Financial Responsibility Law is one such state statute

"saved" by ERISA.[9]  It is undisputed that Plaintiff asserts a claim that Aetna

violated the Pennsylvania Motor Vehicle Financial Responsibility Law.

Accordingly, Defendants do not contest that Plaintiff is entitled to class-based

discovery regarding possible class members residing in the state of Pennsylvania.

Plaintiff also asserts, however, that Aetna violated the express terms of its

long-term disability policy.  This claim is based on policy language, and is thus

governed by federal common law.[10]  As a result, the pool of potential class

members is broader than that which might be available if Plaintiff *only* asserted a

claim under Pennsylvania law.  This is because the federal nature of the claim

implicates *any* plan participant who was issued this specific policy, not simply

those who could invoke the Pennsylvania Motor Vehicle Financial Responsibility

Law.

Because it is evident to the Court that Plaintiff alleges that Aetna violated

both Pennsylvania law *and* the terms of the plan, the Court concludes that

discovery of potential class members outside of Pennsylvania is appropriate.  The

Court further finds unpersuasive and unsupported Aetna's claim that Plaintiff

---

[8]    *Levine v. United Healthcare Corp.*, 402 F.3d 156, 164 (3d Cir. 2005).
[9]    *FMC Corp. v. Holliday*, 498 U.S. 52, 58-65 (1990); Doc. 40.
[10]   *See Freitas v. Geisinger Health Plan*, 2021 WL 2156740, at *4 (M.D. Pa. May 27, 2021).

should be judicially estopped from seeking discovery regarding a nationwide

class.[11]  Consequently, Plaintiff's motion to compel discovery is granted.

## III.  CONCLUSION

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11]  Aetna does not offer the elements of judicial estoppel, instead focusing on the alleged impropriety of Plaintiff's discovery delays.