```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOANNE WOLFF, Individually         :
and as Class representative        :
on behalf of others Similarly      :   CIVIL ACTION
Situated,                          :
                                   :   No.  4:19-cv-01596-MWB
       Plaintiff,                  :
                                   :
       v.                          :
                                   :
AETNA LIFE INSURANCE COMPANY       :
and THE RAWLINGS COMPANY, LLC,     :
                                   :
       Defendants                  :
                                   :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
```

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Pursuant to Rule 23 of the Rules of Civil Procedure, Plaintiff moves this court to enter an Order determining that the action may be maintained as a class action. In support thereof, Plaintiff avers as follows:

1. Plaintiffs filed this action on August 8, 2019, setting forth claims against Defendants based on their reimbursement claims against the personal injury recoveries of Aetna insureds who were insured under long-term disability policies issued by Aetna.

2. Plaintiff Wolff and the putative class members are persons who were insured under LTD policies issued by Aetna, who were injured in injury-causing events, who received LTD benefits from Aetna under a standard form LTD policy, who secured a recovery against the underlying tortfeasor, and were subject to improper claims for repayment by Aetna.

3. This action is brought on behalf of Joanne Wolff individually and a class of persons similarly affected or potentially affected by defendants. Plaintiffs define the class as:

> All persons who were injured and received long-term disability benefits from the defendant as a result of an injury causing event and as against whom defendant sought or recovered reimbursement of long-term disability benefits it had paid to insureds from the insureds' tort recoveries and who suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to the defendant as a result of defendants' wrongful reimbursement demands and actions based on violation of the policy.

4. The class as defined above is so numerous that joinder of all members is impracticable. As of this date of filing, defendant has identified 30 claims as to just Aetna insureds in Pennsylvania. However, the number of putative class members, as set forth in the accompany Brief, will be in the hundreds when defendant provides the information for persons against whom defendant secured reimbursement outside of Pennsylvania.

5. There are multiple questions of law or fact common to the class:

   (a)   Each member of the class was insured under a long-term disability benefits policy issued by the defendant;

   (b)   Each member of the class was paid long-term disability benefits by the defendant, AETNA, as a result of injuries sustained in the injury causing event;

    (c)    Each member of the class made a tort recovery arising from the injury causing event;

    (d)    Each member of the class was insured under a standard form disability policy which did not include personal injury recoveries as "Other Income Benefits" to authorize reimbursement, nor did the Plaintiffs recover disability payments in their underlying litigation;

    (e)    the defendant demanded and secured reimbursement from Plaintiff and Class Plaintiff's personal injury recoveries under those standard policies which did not include personal injury recoveries as "Other Income Benefits" to authorize reimbursement, nor did the Plaintiffs recover disability payments in their underlying litigation;

6. Here, Plaintiff and the proposed class meet the commonality requirement because:

    (1) all of these questions stem from Defendants' common course of conduct directed against the Plaintiffs and putative Class Members; and

    (2) uniform federal law will apply to all class members here.

7. The claims of the named plaintiffs are typical of the claims of the class. Wolff's claim and each class member's claim is based on the same violations of the policy by the Defendant. In each instance, the defendant subrogated against Wolff's, and every Class Plaintiffs' personal injury recovery under the same standard policy that did not allow subrogation.

8. Defendant's claims for reimbursement are improper under the policy because the policy does not permit Defendant to assert a claim for reimbursement of disability benefits against an insured's personal injury recovery. The record demonstrates that every class member, including Plaintiff, is subject to the same

policy terms and was subject to the same conduct by Defendant. As Wolff's and the Class Plaintiffs' claims are typical in they are generally the same in terms of legal theory and circumstances underlying that theory, the typicality requirement is satisfied.

9. The named plaintiffs will fairly and adequately protect the interests of the class.

10. Moreover, Plaintiff's counsel are competent, qualified and experienced attorneys who have provided legal representation in numerous cases.

11. Finally, this action is maintainable as a class action under Federal Rule 23(b)(3) because questions common to the class predominate over individual questions and because the class action device is superior to other methods to adjudicate Plaintiff's and the class members' claims.

12. Defendant's actions to improperly secure reimbursement from Wolff and class members insureds affected Wolff and all class members similarly and the relief sought is appropriate to secure and protect the rights of the class as a whole.

13. The instant motion is based upon:

    a.   This Motion for Class Certification;

    b.   The Memorandum in Support of Motion;

    c.   Pleadings;

    d.   Records filed in this case;

    e.   The Declaration of Derek Smith;

    f.   other such matters and argument as the Court may consider in the hearing of this motion.

14. Wherefore, Plaintiff respectfully moves this Court to enter an order determining that this action may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

                              Respectfully Submitted,

                              THE LAW OFFICE OF CHARLES KANNEBECKER

                              _____/s/_____
                              Charles Kannebecker, Esq.