**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOANNE WOLFF, Individually and as Class representative on behalf of others Similarly Situated, | : : : : : | CIVIL ACTION |
| | : | No. 4:19-cv-01596-MWB |
| Plaintiff, | : : | |
| v. | : : | |
| AETNA LIFE INSURANCE COMPANY | : : | |
| Defendant | : : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

**Page**

I.    The Third Circuit's decision in Allen v
      Ollie's Bargain Outlet Did Not Create any
      "New" Standard or Requisite .......................... 1

II.   This Court's Class Certification Order Did
      Not Leave Rule 23 Issues Unresolved and
      Properly Applied Rule 23 Criteria ................... 6

      Section A ......................................... 6

      Section B ......................................... 7

III.  The Court Did Not Leave Unresolved Any Issues As
      to Plaintiff's Fiduciary Duty Claims ................ 16

IV.   Defendants' Arguments Regarding a "Fail-Safe"
      Class Are Moot ...................................... 18

CONCLUSION .............................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

*Allen v. Ollie's Bargain Outlet*,
37 F.4th 890 (3d Cir. 2022) ........................ 1, 4-5, 10

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
568 U.S. 455 (2013) ................................... 3, 7

*Chakejian v. Equifax Info. Servs. LLC*,
256 F.R.D. 492 (E.D. Pa. 2009) ....................... 19

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ................................... 3, 7-8

*Finberg v. Sullivan*,
634 F.2d 50 (3d Cir. 1980) ........................... 19

*Glazer v. Whirlpool Corp. (In re Whirlpool Corp.*
*Front-Loading Washer Prods. Liab. Litig.)*,
722 F.3d 838 (6th Cir. 2013) ......................... 3, 9

*In re Citizens Bank, N.A.*,
15 F.4th 607 (3d Cir. 2021) .......................... 8-9, 11

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) ......................... 3, 7, 9

*Jackson v. Se. Pennsylvania Transp. Auth.*,
260 F.R.D. 168 (E.D. Pa. 2009) ....................... 19

*Lightfoot v. District of Columbia*,
273 F.R.D. 314 (D.D.C. 2011) ......................... 10-11, 17

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir.2012) .......................... 3, 7, 9

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) ......................... 9

*Sheller v. City of Philadelphia*,
288 F.R.D. 377 (E.D. Pa. 2013) ....................... 19

*Sullivan v. DB*,
667 F.3d 273 (3d Cir. 2001) .......................... 3, 8

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .................................. 11

I.   **The Third Circuit's decision in Allen v Ollie's Bargain Outlet Did Not Create any "New" Standard or Requisite**

The entire basis for Defendant's Motion rests completely upon an argument defendant attempts to derive from *Allen v. Ollie's Bargain Outlet*, 37 F.4th 890 (3d Cir. 2022). Defendant cites *Allen* as containing a new precedent for class certification that requires this Court to resolve central legal questions prior to certification.

Initially, there is nothing "new" in *Allen*.  The *Allen* court cited, used and relied upon the well established standards for class certification which this Court used in certifying the class herein. The Allen Court applied lost established standards to the particular facts of that case. Applying the facts to established law, the Court found class certification was improper. *Allen* involved the routine application of facts to law.

Notably, the Allen court itself never stated it was overturning any precedent, establishing any new precedent or enunciating any new standard. The *Allen* court merely laid out pre-existing law and applied facts to the law. When appellate courts overturn cases or establish new standards which are required by law, they say so. Appellate courts will say something like "we are today overturning ..." or "we set forth today a new standard to be applied ...". It lacks basis to assert that the *Allen* court overruled cases or established "new" requirements without even as much as a hint it was doing so. In sum, there is

1

no prior law which *Allen* changed and thus no intervening change in law to cause reversal as defendant argues.

Any party in litigation can always cite to a subsequent case that involves a related legal topic and assert that the latter case constitutes some change. However, it is not when the same legal standards are applied and the only issue is the different case facts. That facts lead to a different outcome does not mean that this is a "new" intervening change in the law.

In sum, this Court properly applied all well established legal standards and criteria "relevant to class certification" just as *Allen* instructed. The *Allen* decision did not set any "new law" which this court had not already applied.

Defendant's Motion and citation to *Allen* misstates the standards and requisites for class certification herein and uses wordsmanship to misstate the holding of *Allen*. Defendant's argument asserts that this court cannot defer on making factual and legal determinations based on *Allen* and that such must be done before class certification. This argument is incorrect and uses wordsmanship to misstate *Allen*.

Class certification is not the trial on the merits and the legal determination of right and wrong is not done at class certification. The ultimate decision about whether the Wolff standard form policy authorized subrogation will be made at trial. The court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits.

2

*See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811
(7th Cir.2012); In re Deepwater Horizon, 739 F.3d 790, 811 (5th
Cir. 2014) ("Rule 23 does not therefore become a dress rehearsal
for the merits."); *Glazer v. Whirlpool Corp. (In re Whirlpool
Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838,
851-852 (6th Cir. 2013) ("In other words, district courts may not
'turn the class certification proceedings into a dress rehearsal
for the trial on the merits.'"); *Amgen Inc. v. Conn. Ret. Plans &
Trust Funds*, 568 U.S. 455, 466 (2013) ("Merits questions may be
considered to the extent—but only to the extent—that they are
relevant to determining whether the Rule 23 prerequisites for
class certification are satisfied.").

Rather, "in determining the propriety of a class action, the
question is not whether the plaintiff or plaintiffs have stated a
cause of action or will prevail on the merits, but rather whether
the requirements of Rule 23 are met." *Eisen v. Carlisle &
Jacquelin*, 417 U.S. 156, 178 (1974) (citation omitted). The
required examination only asks "whether the requirements of Rule
23 are met." *Sullivan v. DB*, 667 F.3d 273, 306 (3d Cir. 2001).

In class certification here, the primary issue is whether
the Court's ultimate determination as to Wolff will similarly
determine the claims of the class. This Court has already
properly ruled that Wolff has commonality and typicality. Mem.
Op. dated May 25, 2022, at *11.

Instantly, defendant fixes onto a sentence in *Allen* and

3

highlighted the first portion of the sentence while underplaying the rest of the sentence. Defendants argue that this Court should reverse and decertify because it improperly "deferred on several fact and legal questions." Defendant cites to *Allen* for authority. However, the *Allen* Court' statement to resolve all factual or legal disputes was specifically related to factual or legal disputes "relevant to class certification":

> It must resolve all factual or legal disputes **relevant to class certification** [...]"

*Allen*, 37 F.4th at 900.

Consequently, the purported "new" holding is just the long standing standard that a court must resolve factual or legal dispute <u>relevant</u> to class certification in order to properly rule on class certification. This Court properly resoled the factual and legal dispute that were necessary to rule on class certification and thus there is nothing to reconsider.

Finally, the facts in *Allen* readily explain why class certification was denied therein. In *Allen*, the Court denied certification on 2 bases: inadequate evidence of numerosity and commonality.

With regard to numerosity, Allen's proof of numerosity derived from statistics, a video of people walking into an Ollie's store and the extrapolation of class numbers based on demographic extrapolation. The court found the statistics were insufficient because statistics could not determine "the portion of those disabled individuals who have actually

4

patronized a relevant Steak'n Shake restaurant, let alone the portion who have experienced or will experience an ADA violation at one of those restaurants."

Conversely in Wolff, the defendant had admitted at deposition and in its document production that Aetna sought repayment from 53 persons who were insured under the same disability insurance policy as Wolff. Accordingly, Wolff has actual evidence of numerosity contrary to the shortcoming in *Allen*.

With regard to commonality, there was patently no commonality in Allen. The claim in *Allen* was that Ollie's store lanes were blocked by "access barriers". The offending access barriers, however, were all so different and ranged from pillars, clothing racks, fixtures, boxes, inventory, pallets, structural pillars, etc. In short, the term access barrier was so broad that it included many things with nothing in common. Further, the *Allen* class conflicted with the Third Circuit's decision in Mielo v. Steak'n Shake Operations, Inc., 897 F.3d 467, 473-74 (3d Cir. 2018), which had already precluded a class that includes "any and all access barriers" as overbroad.

Conversely, in Wolff, Plaintiff's claim is based on a written document with terms spelled out in black and white. Thus, one need only look at the standard policy forms to discern if it does not contain subrogation against personal injury recoveries as it similarly does not in Wolff.

5

## II.  **This Court's Class Certification Order Did Not Leave Rule 23 Issues Unresolved and Properly Applied Rule 23 Criteria**

### Section A

This Court's opinion granting class certification analyzed every criteria necessary for class certification. The court determined exactly what was necessary for the step of class certification.

Defendant wrongly argues this Court improperly "deferred resolving 'the central legal question' of what plan language permits or does not permit recovery from personal injury recoveries." Def. Br. at 6-7. This Court resolved everything necessary for the step of class certification and then properly ordered Class Certification. The argument that this court was required to reach the ultimate decision on "central legal issue" before class certification is wrong. Defendant misreads the *Allen* Court's opinion and ignores long-standing precedent in asserting that this Court must resolve the ultimate central legal issue before deciding whether to grant class certification.

By brief background, this matter involves subrogation by Aetna against insureds' personal injury recoveries. Aetna issued differing versions of disability policies, some of which, contained contract terms which allowed Aetna to subrogate against personal injury recoveries. However, the standard form policy covering Wolff, which standard form also similarly covered members of the putative class, did not have the contract term that allowed Aetna to subrogate against personal injury

6

recoveries.

A key element for class certification is commonality. Commonality means that there is a common issue whose court determination as to Joanne Wolff will resolve an issue central to the class's claims. That commonality is present here. If the court determines that subrogation were improper under the standard form insurance policy that covered Wolff because that standard form policy did not authorize subrogation against personal injury recoveries, then subrogation is similarly improper as to class members who were similarly insured under the standard form policy that did not authorize subrogation against personal injury recoveries. Consequently, commonality is exactly satisfied here.

### Section B

Class certification is not the trial on the merits and the legal determination of right and wrong is not done at the class certification stage. The ultimate decision about whether the Wolff standard form policy authorized subrogation will be made at trial. *Messner*, 669 F.3d at 811; *In re Deepwater Horizon*, 739 F.3d at 811; *Amgen*, 133 S.Ct. at 1194-95.

Instead, "in determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citation

omitted). The required examination only asks "whether the requirements of Rule 23 [] are met." *Sullivan v. DB Invs.*, 667 F.3d 273, 306 (3d Cir. 2001).

It is long-standing black-letter law that Rule 23 does not permit the Court to decide the ultimate issue of liability when determining whether a class should be certified. On this point, the United States Supreme Court clearly stated:

> "We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained."

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178 (1974).

Thus, the Supreme Court itself has determined that Rule 23 does not require a court to resolve all factual and legal disputes regarding a plaintiff's claims and that doing so actually contravenes the purpose of Rule 23.

This holding was followed by the Third Circuit most recently in *In re Citizens Bank, N.A.*, 15 F.4th 607 (3d Cir. 2021). In *In re Citizens Bank, N.A.*, the trial court attempted to hold a merits trial prior to class certification over the defendant's objection. The Third Circuit stopped the trial court from doing so. In so holding, the Third Circuit clarified that holding a trial on the merits prior to class certification contravened the purpose of Rule 23:

> In the 1970s, the Supreme Court indicated a preference for early-in-the proceeding class certification in Eisen v. Carlisle & Jacquelin. 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974). Eisen concerned a plaintiff who wished to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained." Id. at 177-78. **The Eisen court observed, with disapproval, that addressing the merits prior to certification "allow[s] a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it.**" Id. at 177.10 And, in another case decided that same term, the Supreme Court succinctly reiterated: judges must decide certification questions early "to assure that members of the class [are] identified before trial on the merits and [] bound by all subsequent orders and judgments." Am. Pipe & Constr. Co., 414 U.S. at 547.

*In re Citizens Bank, N.A.*, 15 F.4th at 618.

Other Circuit Courts that have addressed the issue of whether a court should delve into the ultimate merits of a case when deciding class certification have concluded that "Rule 23 does not [] become a dress rehearsal for the merits." *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014); *Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 851-852 (6th Cir. 2013); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir.2012); *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014).

Aetna argues that the *Allen* case upends this long-standing precedent and requires this Court to resolve the central and disputed issue of whether Aetna's various long-term disability plans permit Aetna to pursue reimbursement against a plan member's personal injury recovery. Aetna's argument is based upon a misreading of the following quote:

> When deciding whether the class raises a common question, the court cannot be bashful. It must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits —including disputes touching on elements of the cause of action.

*Allen*, 37 F.4th at 900.

According to Aetna, this command requires the Court to resolve the central legal issue of whether the long-term disability policies at issue here permitted Aetna to seek reimbursement from Plaintiff's and class members' personal injury recoveries.

However, as explained in Section I, *supra*, Aetna's argument is in error. *Allen* actually holds that factual or legal disputes "relevant to class certification" must be resolved. There is no new requirement in *Allen* that factual or legal disputes concerning the ultimate merits must be resolved before class certification. This Court properly resoled the factual and legal dispute that were necessary to rule on class certification and thus there is nothing to reconsider.

While it is true that a Rule 23 analysis "may entail some overlap with the merits of the plaintiff's underlying claim," Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), such a requirement does not permit the Court to take up and resolve disputed factual and legal issues that are unnecessary or unrelated to class certification. *See Lightfoot v. District of Columbia*, 273 F.R.D. 314, 323 n.6 (D.D.C. 2011) (noting that "district courts must

10

refrain from making determinations on the merits that are
unnecessary to resolving the class certification question.").

Indeed, were a court to take the extra step as urged by
Aetna  and resolved that question prior to certifying the class,
the Court would have engaged in the very practice that the
Supreme Court and the Third Circuit admonished. Had the Court
resolved the question of whether the long-term disability
policies at issue here permitted Aetna to seek reimbursement from
Plaintiff's and class members' personal injury recoveries, the
Court would have "allow[ed] a representative plaintiff to secure
the benefits of a class action without first satisfying the
requirements for it." *In re Citizens Bank, N.A.*, 15 F.4th at 618.

In any event, the legal standard recited in *Allen* is in line
with previous binding precedent. The Supreme Court has held that
class claims "must depend upon a common contention" and that the
common contention "must be of such a nature that it is capable of
classwide resolution—which means that determination of its truth
or falsity will resolve an issue that is central to the validity
of each one of the claims in one stroke." *Wal-Mart Stores, Inc.
v. Dukes*, 564 U.S. 338, 350 (2011) (citation and quotation marks
omitted). While the Supreme Court acknowledged that this inquiry
may require weighing the merits of the case, the Supreme Court
did not require district courts to resolve the ultimate issue in
the case. Rather, all the Court has to find is the "glue" that
holds the claims together. *Id*. at 352.

11

Here, the Court found the "glue" that holds Plaintiff's and the class claims together. In finding commonality, the Court identified the central legal issue:

> First, the central legal question that will be dispositive of Wolff's claims, and the claims of all other potential class members, is whether funds paid out under Aetna's long-term disability plans were properly reimbursable when the plans did not specifically include personal injury recoveries within their definition of "Other Income Benefits" and where reimbursement was obtained for personal injury recoveries.

Having identified the common legal issue, the Court concluded that the common issue would produce common answers for the class:

> The Court finds that Wolff has established predominance, as a single issue is "more prevalent or important than the non-common, aggregation-defeating, individual issues." Here, Wolff alleges that Aetna issued long term disability policies to individuals, and those policies did not include personal injury recoveries under the definition of "Other Income Benefits" for which Aetna was permitted to seek reimbursement of funds paid. Aetna nevertheless sought and obtained reimbursement from individuals who carried such policies. **Answering the question of whether reimbursement was proper under those circumstances will be largely dispositive of every potential class members' claims.**

Mem. Op. at *19.

Under the Supreme Court's holding in *Dukes*, all the Court is required to do is determine whether a the class claims are capable of classwide resolution. This Court answered that question in the affirmative, finding that the class proceeding will produce common answers to the common questions.

Defendant also attempts to mislead the Court as to its own opinion in arguing that this Court left factual issues unresolved. Defendant's argument leaves the impression that the Court could not determine whether any of the eleven plans included personal injury recoveries:

> However, in addressing similar language in its May 25, 2022 Memorandum, the Court deferred deciding whether such language covers personal injury settlements:
>
> > While this incredibly broad language may encompass personal injury settlements,0 there is no way for the Court to determine based on the available information whether such language covers personal injury settlements, and whether or how many of the potential class members are covered under that plan. The Court therefore cannot conclude that any of the 53 identified individuals should be struck from the class based on varying plan language.
>
> (ECF 126, at p.8-9) (emphasis added).

Def. Br. at 8.

In arguing that this Court left factual issues unresolved, Defendant quotes this Court's opinion wherein it stated that **one** plan could encompass personal injury recoveries, but that the Court did not have enough information before it to determine whether any of the 53 individuals identified in the class were covered under the plan. Even then, Defendant omits the Court's footnote, wherein it stated:

> "It is highly unlikely that such an interpretation is warranted, as interpreting the language in such a manner would permit Aetna to recover from funds paid to any individual for any reason."

Mem. Op. at *9, fn.41.

Further, and contrary to Defendant's contention, this Court addressed the factual issue of whether the various plans provided for Defendant's purported reimbursement right to the extent that the issues were relevant to class certification. In determining that the numerosity factor was satisfied, the Court concluded that language permitting recovery was absent in each of the plans:

> "The Court mostly rejects Aetna's assertion that differences in the language contained in various plans means that the potential class must be limited only to Bank of America employees. As Wolff points out, the plan language that is relevant to her and other potential class members' claims is the "Other Income Benefits" definition contained within those various plans, and any other differences in plan language is of limited or no relevance to this case. For the most part, the relevant language contained in the "Other Income Benefits" section of each of the plans is substantially similar, in that the language does not specifically encompass personal injury recoveries."

Mem. Op. at *8. The Court reiterated its finding when it determined Plaintiff satisfied the predominance requirement.

> "Although there are some differences in the language used in each plan's "Other Income Benefits" definition, the specific language that Wolff alleges would permit Aetna to seek reimbursement from personal injury recoveries is absent from each plan."

Mem. Op. at *19.

Additionally, with regard to numerosity, this Court already examined the parties' motions, briefing, exhibits and ruled that Wolff satisfied numerosity. Mem. Op. at *5. The Court's figure of 53 class members is derived from the defendant's own deposition and documents. Aetna admitted at deposition and in its document production that Aetna sought

14

repayment from 53 persons who were insured under the same disability insurance policy as Wolff. Accordingly, Wolff has actual evidence of numerosity. As the defendant itself is the source for calculating that the number of class members being 53, there is no basis to reconsider this court's previous well stated opinion.

Thus, while the Court has not ruled upon the ultimate merits of Plaintiff's claims, this Court did not leave any factual issue relevant to class certification unresolved. While it has not ruled on the ultimate issue that the plan language in the various plans does not include recovery of long-term disability benefits from personal injury settlements, the Court has ruled, for purposes of class certification, that "the relevant language contained in the 'Other Income Benefits' section of each of the plans is substantially similar, in that the language does not specifically encompass personal injury recoveries." *Id*. at *8.

In sum, this Court's opinion granting class certification analyzed every criteria necessary for class certification and the court determined exactly what was necessary for the step of class certification.

As this Court found, Plaintiff's claims turn on common behavior and actions and involve the same breach the same standard policy and defendant's fiduciary duties to Plaintiff and the putative class. Resolution of Plaintiff's claim will produce a common answer across the class. Accordingly, there existed a

sufficient number of common questions of law and fact that made
this matter appropriate for class certification. This Court did
not violate any precedent in granting class certification.

## III. The Court Did Not Leave Unresolved Any Issues As to Plaintiff's Fiduciary Duty Claims

Defendant also asserts that the Court left unresolved the
"key underlying fact issue of what representations were made to
class members and/or their personal injury attorneys that would
amount to material misrepresentations or omissions." Defendant's
argument lacks merit and relies upon the same misreading of
*Allen*. All the Court is required to do is determine whether
Plaintiff met her burden in demonstrating that class proceedings
could produce common answers to the common questions. Plaintiff
met that burden. As the Court determined, Plaintiff identified
several common issues, the resolution of which would produce
common answers across the class:

> Potential class members share a number of common issues that
> must be proven with regard to this claim, including whether:
> (1) Aetna was an ERISA fiduciary; (2) Aetna was prohibited
> from pursuing reimbursement for personal injury recoveries
> under the plans; (3) Aetna nevertheless pursued such
> reimbursement; (4) Aetna failed to disclose that it was not
> permitted to obtain such reimbursement or misrepresented
> that it was permitted to so do; and (5) such an omission or
> misrepresentation was material.

Mem. Op. at *22. The Court is not required to definitively
resolve what misrepresentations or omissions were made and
whether those misrepresentations or omissions were material at
this stage, as Aetna suggests, as such determinations are not

16

relevant to commonality. *See Lightfoot v. District of Columbia*,
273 F.R.D. 314, 323 n.6 (D.D.C. 2011) (noting that "district
courts must refrain from making determinations on the merits that
are unnecessary to resolving the class certification question.").
The only determination relevant to commonality was whether the
aforementioned questions were capable of class-wide resolution
based upon evidence common to the class. *Dukes*, *supra*. As
Plaintiff demonstrated at class certification, they were. All of
the questions common to the class stem from Defendant's common
course of conduct, which is measured against both uniform ERISA
law and plan terms that are similar across the class.

Accordingly, this Court did not leave unresolved any issues
relevant to class certification as to Plaintiff's fiduciary duty
claims.

Aetna further attempts to introduce evidence regarding a
single claim file, which Aetna contends demonstrates that there
was no misrepresentation. Aetna's argument fails. Aetna leaves
out that Plaintiff's claims in this matter are that Aetna
misrepresented that it was entitled to reimbursement by asserting
a claim for reimbursement in the first instance and then
subsequently failed to disclose that it was not entitled to such
reimbursement.

Aetna's "evidence" actually demonstrates that, following
Aetna's initial assertion that it was entitled to reimbursement,
Aetna failed to subsequently disclose that the subject plan

17

language did not actually permit reimbursement. Such evidence is not unique to the claim file Aetna highlights here, and is in fact common among plaintiff and the class. Simply put, as Plaintiff demonstrated at class certification, Aetna failed to disclose to each and every class member that it was not entitled to reimbursement.

Accordingly, this Court should deny Aetna's motion for reconsideration on this point.

## IV.  Defendants' Arguments Regarding a "Fail-Safe" Class Are Moot

The parties have already previously addressed Aetna's objection that the class allegedly constituted a "fail-safe" class in a different context. In complying with this Court's Order that Plaintiff submit a proposed Class Notice, Plaintiff submitted a proposed Class Notice and defendant filed an objection. See ECF Nos. 128-1, 129.

That Class Notice filings before the Court demonstrates the parties had effectively agreed to a class definition with only one word difference.[1] In order to moot the issue, Plaintiff accepts defendant's class definition. Accordingly, in light of the parties' agreement as to the class definition, Plaintiff respectfully suggests amending the class definition as follows:

> All persons who were members of a long-term disability benefits plan insured and administered by Aetna Life

---

[1] The one word difference was "insured OR administered by Aetna" or "insured AND administered by Aetna".

Insurance Company, were insured under a long-term disability policy that did not identify personal injury recoveries as "Other Income Benefits," were injured and received long-term disability benefits from Aetna Life Insurance Company as a result of an injury causing event and as against whom Aetna Life Insurance Company sought or recovered reimbursement of long-term disability benefits it had paid to the person from the person's tort recovery.

It is not necessary for this Court to decertify the class when it can simply amend the class definition. This Court has the authority to amend the class definition to remedy any alleged defect. *Finberg v. Sullivan*, 634 F.2d 50, 64 (3d Cir. 1980) (where a problem meeting certification requirements "might well be remedied by requiring a more specific or a narrower definition of classes[,] the district court should not deny certification . . . without considering the possibility of redefining the classes."); *Sheller v. City of Philadelphia*, 288 F.R.D. 377, 383 (E.D. Pa. 2013) ("A problematic class definition does not require the district court to deny class certification; rather, the court may limit or alter the definition to remedy the problem.'") (citations omitted); *Jackson v. Se. Pennsylvania Transp. Auth.*, 260 F.R.D. 168, 182-83 (E.D. Pa. 2009) (same); *Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 497 (E.D. Pa. 2009) (holding that proposed class as redefined by court's addition of fourteen words to class definition ameliorated defendant's objection that class definition was vague and satisfied class certification requirements).

**CONCLUSION**

For the aforementioned reasons, this Court should deny Defendant's Motion for Reconsideration.

Respectfully Submitted,

THE LAW OFFICE OF CHARLES KANNEBECKER


_____/s/_____
Charles Kannebecker, Esq.
THE LAW OFFICE OF CHARLES KANNEBECKER
104 W. High St.
Milford, PA 18337
(570) 296-6471
kannebecker@wskllawfirm.com

*Attorney for Plaintiff*