**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOANNE WOLFF, individually and on behalf of a Class of Similarly Situated Individuals, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 4:19-cv-01596-MWB (Honorable Matthew W. Brann) |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION
FOR RECONSIDERATION OF THE MAY 25, 2022
ORDER AND MEMORANDUM OPINION
AND DECERTIFICATION OF THE CLASS**

ELLIOTT GREENLEAF, P.C.

MARK J. SCHWEMLER
JOHN P. ELLIOTT
STEWART J. GREENLEAF, JR.
KYLE M. ELLIOTT
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-1956
Phone: (215) 977-1000

Counsel for Defendant
Aetna Life Insurance Company

# **TABLE OF CONTENTS**

I.   ARGUMENT. ................................................................................................... 1

    A.   *Allen* is New, Intervening and Controlling Precedent Warranting
        Reconsideration. ........................................................................................... 1

    B.   *Allen* Requires That The Court Resolve Fact and Legal Disputes Relevant
        to Class Certification, Not Decide the Merits. ............................................ 2

    C.   The Fail-Safe Class is a Product of Unresolved Class Determinations. ...... 6

II.   CONCLUSION. .............................................................................................. 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Ollie's Bargain Outlet*,
   37 F.4th 890 (3d Cir. 2022) ...................................................................... 1, 2, 3, 7

*In re: Lincoln Nat'l COI Litig.*,
   2022 WL 4091220 (E.D. Pa., Aug. 9, 2022) .......................................................... 4

*Kropa v. Cabot Oil & Gas Corp.*,
   716 F.Supp.2d 375 (M.D. Pa., Jun. 9, 2010) .......................................................... 2

*McDonough v. Leopold & Associs., PLLC*,
   2022 WL 3586660 (W.D. Pa., Aug. 22, 2022)........................................................ 3

*Smith v. Strom Engineering Corp.*,
   2022 WL 2668558 (W.D. Pa., May 10, 2022)........................................................ 1

# I.   ARGUMENT.

### A.   *Allen* is New, Intervening and Controlling Precedent Warranting Reconsideration.

Plaintiff attempts to avoid the impact of the Third Circuit's new precedent in *Allen v. Ollie's Bargain Outlet*, 37 F.4th 890 (3d Cir. 2022), by trying to downplay its importance. However, that view is inconsistent with the Third Circuit's decision to designate the *Allen* opinion as precedential, thereby communicating the opinion's "institutional value." *See* 3d Cir. I.O.P. 5.2, 5.3 (precedential opinions have "precedential or institutional value," while non-precedential opinions have value only to the parties).

At least one federal court in Pennsylvania has already identified the *Allen* decision as an "important decisional development" in the Third Circuit. In *Smith v. Allegheny Technologies, Inc., et al.*, 2:19-cv-147 (W.D. Pa.), pending in the Western District of Pennsylvania before Chief Judge Mark R. Hornak, United States Magistrate Judge Patricia L. Dodge issued a May 10, 2022 Report and Recommendation recommending class certification of the plaintiff's minimum wage claims. *See Smith v. Strom Engineering Corp.*, 2022 WL 2668558 (W.D. Pa., May 10, 2022). However, on August 1, 2022, after the June 24, 2022 *Allen* decision, Chief Judge Hornak remanded the class certification issue "in light of the decision in [*Allen v.*] *Ollie's Bargain Outlet*." *See* Exhibit A," hereto, Aug. 1, 2022 Memorandum Order in *Smith*, at p. 5-6.

Notably, Chief Judge Hornak acted *sua sponte* to remand in light of the *Allen* decision, despite "no obvious error" in Judge Dodge's recommendation, and in doing so identified *Allen* as an "important decisional development":

> But since that R&R was issued, and since the Objections and the papers relative to them were filed, there have been important decisional developments at our Courts of Appeals. On June 24, 2022, that Court issued its precedential Opinion in *Allen v. Ollie's Bargain Outlet*, 37 F.4th 890 (3d Cir. 2022). One of the central issues in that case was the methodology for assessing whether the "commonality" prong of the Rule 23 analysis has been fulfilled when class certification has been sought. Since the case did not yet exist, the analysis of *Ollie's Bargain Outlet* was not considered by the parties or Judge Dodge when the class certification issue was being litigated before her.

(Exhibit "A," at p.5).

Likewise, here, the Court should reconsider its class certification analysis in light of the important decisional development announced in the intervening *Allen* decision. At the very least, *Allen* is an intervening clarification of controlling law warranting reconsideration. *See Kropa v. Cabot Oil & Gas Corp.*, 716 F.Supp.2d 375, 378 (M.D. Pa., Jun. 9, 2010) (granting reconsideration where "[t]here has been an intervening clarification of the controlling law.").

### B.    *Allen* Requires That The Court Resolve Fact and Legal Disputes Relevant to Class Certification, Not Decide the Merits.

Plaintiff's argument that class certification is not a "dress rehearsal" for trial is a straw-man. Aetna is not seeking a decision on the merits and *Allen* does not

2

require as much. Rather, as Plaintiff concedes, *Allen* requires that the Court "must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits – including disputes touching on elements of the cause of action." *Allen*, 37 F.4th at 900.

Contrary to *Allen*, the Court here deferred disputes relevant to class certification, including disputes regarding plan language and alleged misrepresentations. That is the "'certify-first-ask-questions-later' approach to class certification that both Rule 23 and our Court of Appeals soundly reject." *McDonough v. Leopold & Associs., PLLC*, 2022 WL 3586660, *5 (W.D. Pa., Aug. 22, 2022), citing *Allen, supra*.

Plaintiff cannot dispute that the "central legal question" of plan language is relevant to the commonality, typicality and numerosity requirements of the class certification analysis. Yet, the Court explicitly deferred answering the question of what supposedly common plan language would produce a common class answer. (ECF 126, at p.8-9).

The Court could not answer that question because Plaintiff failed to meet her burden of proof. Plaintiff failed to present evidence establishing what common plan language would produce a common class answer (regardless of what that answer ultimately is). Despite access to thousands of pages of class discovery, Plaintiff failed to attach to her Motion for Class Certification (ECF Nos. 107, 108) a single

long-term disability plan that supposedly has the same operative language as Plaintiff's Bank of America plan, which is the only plan attached to the Motion. In fact, the only evidence before the Court on the issue of plan language was presented by Aetna in its opposition showing eleven variations in "Other Income Benefits" language in plans sponsored by numerous different employers. (*See* ECF 134, at p.7-8; ECF Docs. 112-1 at 11-12, 112-2 at 13-14, 112-3 at 10-11, 112-4 at 13-14, 112-5 at 12-13, 112-6 at 7-8, 112-7 at 5-6).

Plaintiff herself admits that at least some of the long-term disability plans issued by Aetna "contained contract terms which allowed Aetna" to recover "against personal injury recoveries." (ECF No. 139, at p.6-7). Plaintiff cannot gloss over those differences by baldly claiming that Plaintiff's Bank of America plan was a "standard form policy," absent any evidence that is so. It was Plaintiff's burden to show that differences in plan language were "subtle" or "meaningless." *See In re: Lincoln Nat'l COI Litig.*, 2022 WL 4091220, *19-20 (E.D. Pa., Aug. 9, 2022). The eleven variations in "Other Income Benefits" language established by Aetna demonstrate otherwise.[1]

*Allen* does not require, and Aetna is not asking, the Court to make a merits determination as to whether Plaintiff's Bank of America plan language did or did

---

[1] Plaintiff's bald claim that Aetna's corporate designee "admitted" 53 class members had the "same" long-term disability plan as Plaintiff is simply not true and is, tellingly, unsupported by any record citation. (*See* ECF 139, at p.5).

4

not permit Aetna to recover from Plaintiff's automobile accident recovery. However, *Allen* does require that this Court determine whether that answer will apply across all class members. Plaintiff's failure to present a basis on which the Court could make that determination requires reconsideration and decertification based on the new *Allen* precedent.

Likewise, *Allen* does not require, and Aetna is not asking, the Court to determine on the merits now whether Aetna's communications with Plaintiff or other class members did or did not amount to misrepresentations. However, if Plaintiff's misrepresentation-based claim is to be treated as a class claim, *Allen* does require that the Court determine whether the answer to that common question will be common to communications with all class members.

But, again, Plaintiff failed to present evidence that would permit this Court to make that determination. Plaintiff did not present a form letter sent to all class members. Plaintiff did not present a script read to all class members. Despite access to the recovery file notes associated separately with Plaintiff and the class members, Plaintiff failed to attach to her Motion for Class Certification any evidence of communications with class members on which the Court could conclude that what amounted to (or did not amount to) a misrepresentation to Plaintiff would apply uniformly across the class. Plaintiff did not do so because she cannot do so. As evidenced by the one example of overpayment recovery notes attached to Aetna's

pending Motion (*see* Exhibit "C"), those communications are not uniform, but highly individualized and fluid based on the back-and-forth negotiations between Aetna's recovery agent, Rawlings, and class members' counsel.

Because Plaintiff did not meet her burden of proof, the Court deferred the issue of identifying common communications to class members that, when the merits are ultimately decided, would apply equally across the class. (ECF 126, at p.22). Instead, without a basis to make that determination, the Court resorted to an impermissible fail-safe description of the communications: "Aetna **failed to disclose** that it was **not permitted** to obtain such reimbursement or **misrepresented** that it was permitted to so do"; "such an **omission** or **misrepresentation** was material." (Id.) (emphasis added). The Third Circuit's new *Allen* precedent holds such questions cannot be deferred.

### C. The Fail-Safe Class is a Product of Unresolved Class Determinations.

Plaintiff's proposal to modify the class definition would help resolve the fail-safe nature of the current class definition. (ECF 139, at p. 18-19). However, it would not moot the problem that the May 25, 2022 class certification defers fact and legal issues relevant to class certification, which is prohibited by the Third Circuit's new *Allen* precedent.

The fail-safe nature of the current class definition, while itself impermissible, is a by-product of Plaintiff's failure to meet her class certification burden and the

6

Court's deferral of key requirements of the class certification analysis. Those deficiencies cannot be remedied by re-wording the class definition. As discussed above, this is evident in the fail-safe nature of the Court's description of the purported "common" issues relevant to Plaintiff's misrepresentation-based claim, not just the fail-safe nature of the class definition. Rather, as the Third Circuit held, the Court "must resolve all factual and legal disputes relevant to class certification" and "[t]here must be evidence the class proceeding will likely produce a common answer." *Allen*, 37 F.4th at 900-901.

Here, the Court did not resolve those disputes and Plaintiff failed to provide a basis on which the Court could do so. Now that the Third Circuit has held in *Allen* that resolution of those disputes cannot be deferred until after class certification, and there is no basis on which to resolve those disputes, the Court should reconsider the May 25, 2022 class certification and decertify the class.

## II.   CONCLUSION.

Aetna respectfully requests that the Court reconsider its May 25, 2022 Order granting class certification and decertify the class.

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

*/s/ Stewart J. Greenleaf, Jr.*
MARK J. SCHWEMLER
JOHN P. ELLIOTT
STEWART J. GREENLEAF, JR.
KYLE M. ELLIOTT
925 Harvest Drive
Blue Bell, PA  19422
215-977-1000
mjs@elliottgreenleaf.com
jpe@elliottgreenleaf.com
sjgjr@elliottgreenleaf.com
kme@elliottgreenleaf.com

DATED:  September 21, 2022

8

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8**

Pursuant to Local Rule 7.8(b)(2), this Brief complies with the word-count limitation of M.D.Pa. Local Rule 7.8, as the Brief contains 1,593 words in 14-point Times New Roman font. This calculation was provided by the Microsoft Word word count function. I certify the foregoing statements are true and correct.


_/s/ Stewart J. Greenleaf Jr._
STEWART J. GREENLEAF JR.

DATED:  September 21, 2022

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on this date, I caused a true and correct copy of the foregoing to be served, via the Court's electronic filing and service system, on all counsel of record.

/s/ Stewart J. Greenleaf Jr.
STEWART J. GREENLEAF JR.

DATED: September 21, 2022